Jeffrey J. Greenbaum
Charles J. Falletta
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102-5400
Telephone:   973.643.7000
Facsimile:    973.643.6500

Jennifer L. Kelly (*pro hac* application to be filed)
Tyler Newby (*pro hac* application to be filed)
Carly Bittman (*pro hac* application to be filed)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300
Facsimile:    415.281.1350

*Attorneys for Defendant*
SUPERCELL OY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated, | : : : | Civil Action No. 16-8440 (State Court Docket No. L 2682-16) |
| Plaintiff, | : | **NOTICE OF REMOVAL** |
| v. | : | *(Document Electronically Filed)* |
| SUPERCELL OY, a Finnish limited company, | : | |
| Defendant. | : | |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Supercell OY ("Supercell"), by and through its undersigned attorneys, hereby removes this action from the New Jersey Superior Court, Law Division, Monmouth County, to the United States District Court for the District of New Jersey. In support thereof, Supercell states as follows:

## I. LOCAL CIVIL RULE 10.1 STATEMENT

1. Plaintiff Alan Brahamsha ("Plaintiff") is an individual who resides in Monmouth County, New Jersey. **Exhibit A** at ¶ 6. Plaintiff is represented in this action by Ari H. Marcus, Marcus & Zelman, P.C., 1500 Allaire Avenue, Suite 101, Ocean Township, New Jersey 07712. *See* **Exhibit A**. Defendant Supercell is a limited company organized and existing under the laws of Finland with its principal place of business located at Itämerenkatu 11, 00180 Helsinki, Finland.

## II. PROCEDURAL HISTORY AND VENUE

2. On July 28, 2016, plaintiff Alan Brahamsha, individually and on behalf of all others similarly situated, commenced an action in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L 2682-16. A true and correct copy of the Complaint is attached hereto as **Exhibit A** and is incorporated herein by reference.

3. On August 16, 2016, Plaintiff first attempted to effectuate service on Supercell by personally serving the registered agent of Supercell's separate, independent subsidiary Supercell, Inc. in Delaware. Affidavit of Service, a true and correct copy of which is attached hereto as **Exhibit B**. That registered agent for Supercell, Inc. is not the registered agent for Supercell, and Supercell, Inc. is not authorized to accept service on behalf of Supercell. Declaration of Janne Snellman ("Snellman Decl."), at ¶ 5. On October 13, 2016, Plaintiff again attempted to effectuate service on Supercell by personally serving Supercell, Inc. in San Francisco, California. Snellman Decl., at ¶ 6. On November 2, 2016, Plaintiff attempted to effectuate service on Supercell by hand delivering a summons and complaint to the law offices of its counsel located in California (**Exhibit D**), after having been informed that said counsel was not authorized to accept service.

4. Supercell has not received service by any other means in this matter. As set forth

2

in greater detail in Section V below, the service attempted on its subsidiary and counsel was improper and ineffective under the New Jersey Court Rules.

5. Monmouth County is embraced by the United States District Court for the District of New Jersey; therefore, this action is properly removed to this District. *See* 28 U.S.C. §§ 1391(b)(2), and 1441(a).

6. Pursuant to 28 U.S.C. § 1446(d), Supercell will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and file same with the Clerk of the Superior Court of New Jersey, Law Division, Monmouth Vicinage, as an exhibit to a Notice of Filing of Notice of Removal.

### III.   COMPLAINT ALLEGATIONS

7. The Complaint alleges that Supercell violated the New Jersey Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 to -18. The Complaint alleges that the Terms of Service presented to consumers upon downloading and launching Supercell's mobile gaming applications violate TCCWNA. *See* **Exhibit A**, at ¶¶ 17-35.

8. The Complaint further alleges that the class consists of "[a]ll New Jersey residents who have 1) created an account in a Supercell game; and 2) spent money on that Supercell account." *Id.* at ¶ 42. The Complaint seeks "$100 in statutory damages, actual damages, court costs, and reasonable attorneys' fees pursuant to N.J.S.A. § 56:12-17" for each class member. *Id.* at ¶ 59.

### IV.   JURISDICTION FOR REMOVAL

9. This is a putative class action over which this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1446 and 1453. Diversity exists between at least one putative class member and Supercell, the amount placed in controversy by the claims of the named Plaintiff and the proposed class members

exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the putative class consists of at least 100 members.  *See* 28 U.S.C. § 1332(d).

10. **Covered Class Action:**  Under CAFA, a class action is defined as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action"  *See* 28 U.S.C. § 1332(d)(1)(B), 1453(a).  The Complaint falls within this definition.

11. **Class Consisting of More Than 100 Members:**  Plaintiff purports to bring this action pursuant to Rule 4:32 of the New Jersey Court Rules and estimates the proposed class to be in the thousands.  *See* **Exhibit A** at ¶¶ 42-43.  Based on these and other allegations, the aggregate number of class members in Plaintiff's proposed class is at least 100 for the purposes of satisfying 28 U.S.C. § 1332(d)(5).

12. **Diversity:**  Sufficient diversity of citizenship is present, as the citizenship of at least one proposed class member is different than that of Supercell.  CAFA defines diversity citizenship as "any member of a class of plaintiffs [who] is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state."  *See* 28 U.S.C. § 1332(d)(2)(C).  Plaintiff is a citizen of New Jersey, residing in Monmouth County, New Jersey, and he brings this action on behalf of a purported class consisting of "[a]ll New Jersey residents who have 1) created an account in a Supercell game; and 2) spent money on that Supercell account."  *See* **Exhibit A** at ¶¶ 6, 42.  Supercell is a limited company organized and existing under the laws of Finland with its principal place of business located in Finland.  *Id.* at ¶ 7.  Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

business." A foreign business entity is treated as a corporation for purposes of § 1332(c) where it "has attributes sufficiently similar to those of a corporation organized in the United States," such as indefinite existence, the right to contract and litigate in the organization's own name, limited liability for equity investors, and alienable shares. *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, -- F. Supp. 3d --, 2016 WL 2344586 (N.D. Ill. May 4, 2016); *InStep Software LLC v. Instep (Beijing Software Co.*, 577 Fed. Appx. 612, 613 (7th Cir. 2014). As a Finnish *osakeyhtiö* ("OY"), Supercell shares such characteristics: (1) equity shareholders have limited liability and shares in Supercell are transferrable, (2) the company has a legal personality and conducts business, enters into contracts, and litigates in its own name, and (3) Supercell is managed by a board of directors. Snellman Decl., at ¶ 3. Accordingly, Supercell is treated as a corporation for jurisdictional purposes. *See, e.g., BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (Netherlands business entity *besloten vennootschap met beperkte aansprakelijkheid* ("BV") treated as corporation for jurisdictional purposes); *Flextronics Int'l USA, Inc. v. Sparkling Drink Sys. Innovation Ctr. Ltd*, No. 15 C 4904, 2016 WL 2344586, at *4 (N.D. Ill. May 4, 2016) (Hong Kong "limited companies" treated as corporations for the purposes of § 1332(c)). Supercell is therefore a citizen of Finland, and complete diversity exists between plaintiff and members of the proposed class and Supercell.

13. **Amount in Controversy**: The claims of individual class members can be aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Plaintiff seeks four types of relief in his Complaint: actual and statutory damages, costs and attorneys' fees, a declaration that Supercell's Terms of Service violates TCCWNA and are void, and unspecified equitable relief. *See* **Exhibit A** at 15, ¶¶ B-D. For purposes of CAFA jurisdiction, the actual and

statutory damages and the attorneys' fees requested are properly included in the Court's determination of the amount in controversy, and, when aggregated, exceed $5 million. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (the court "must also consider attorney's fees" in determining the amount in controversy under CAFA); *Kendall v. CubeSmart L.P.*, No. CV-15-6098-FLW-LHG, 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015) ("[C]ourts within this district have adopted a 'reasonableness approach,' which utilizes the median attorneys' fee award of 30% when determining the amount in controversy.")  Supercell's records indicate that at least one hundred thousand Supercell game users located in New Jersey made an in-app purchase through a Supercell account.  Declaration of Ville Suur-Uski ("Uski Decl."), at ¶ 4.  The Complaint seeks $100 in statutory penalties per alleged violation, which when multiplied by the more than 100,000 class members exceeds $5,000,000 in the aggregate.  Removal is therefore proper because the amount in controversy between the parties exceeds the amount required under CAFA.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 U.S. 547 (2014) (holding that under 28 U.S.C. § 1446(a), a defendant's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and does not require evidentiary submissions).

## V.     TIMELINESS

14.     Removal is timely under 28 U.S.C. § 1446(b) because Plaintiff has not effected proper service of process on Supercell under the New Jersey Court Rules.  *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir.2009) ("[T]he removal period for a defendant does not begin to run until that defendant is properly served."); *Advanced Surgery Ctr. v. Connecticut Gen. Life, Ins. Co.*, No. CV-12-2715-JLL, 2012 WL 3598815, at *4 (D.N.J. July 31, 2012), report and recommendation adopted, No. CV-12-2715-JLL, 2012 WL 3598799 (D.N.J. Aug. 21, 2012) (same).

15. Here, Plaintiff first attempted to effectuate service on Supercell, a Finnish company with its principal place of business located in Finland, by serving a copy of the summons and complaint on an independent U.S. subsidiary's registered agent in Wilmington, Delaware. Two months later, Plaintiff attempted to effectuate service on Supercell by personally serving a copy of the summons and complaint on that same U.S. subsidiary at its California office. Such service was improper, as service of process on a domestic subsidiary of a foreign corporation does not satisfy service on the foreign corporation under New Jersey law. *Gapanovich v. Komori Corp.*, 255 N.J. Super. 607, 612 (App. Div. 1992); *Charles Gendler & Co. v. Nippon Elec. Co.*, 199 N.J. Super. 227, 240–41 (App. Div. 1985), *reversed on other grounds by Charles Gendler & Co. v. Telecom Equip. Corp.*, 102 N.J. 460 (1986) ("Service of a summons and complaint upon a subsidiary is not sufficient service on a parent corporation.").

16. Plaintiff also did not comply with Rule 4:4-4 of New Jersey's Court Rules governing service. Plaintiff attempted to serve Supercell *outside* of New Jersey under Rule 4:4-4(b)(1)(A) by personally delivering the complaint and summons to the Wilmington, DE registered agent for Supercell's subsidiary and by personally delivering the complaint and summons to the California offices of Supercell's subsidiary (and later, to its California counsel). *See* **Exhibits A**, **C, D**. However, this means of service, even if served on the correct entity, is only proper when the Plaintiff has demonstrated by affidavit that it has been unable to effectuate service *within* New Jersey under Rule 4:4-4(a). Specifically, Rule 4:4-4(b)(1) provides, in pertinent part" "[i]f it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, *in personam* jurisdiction may be obtained over any defendant" by, *inter alia*, personally serving that defendant "in the same manner as if service

were made within this State or by a public official having authority to serve civil process in the jurisdiction in which the service is made or by a person qualified to practice law in this State or in the jurisdiction in which service is made." *R.* 4:4-4(b)(1)(A) (emphasis added).

17. An affidavit of due diligence submitted in accordance with Rule 4:4-4(b)(1)(A) must satisfy the requirements of Rule 4:4-5(b), which provides:

> The inquiry required by this rule shall be made by the plaintiff, plaintiff's attorney actually entrusted with the conduct of the action, or by the agent of the attorney; it shall be made of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of; the inquiry shall be undertaken in person or by letter enclosing sufficient postage for the return of an answer; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it. The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.

18. In short, unless a plaintiff or its representative (1) investigates a defendant's whereabouts, (2) determines that the defendant may not be served within New Jersey and (3) files a suitable affidavit describing its investigation prior to attempting service outside the State, that plaintiff may not utilize the alternative methods of service set out in Rule 4:4-4(b)(1). *Sobel v. Long Island Entm't Prods., Inc.*, 329 N.J. Super. 285, 291 (App. Div. 2000) ("[A] prerequisite for serving a defendant outside the State is an 'affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service' cannot be effected within the State. R. 4:4-4(b)(1)."); *Burgos v. Int'l Vacation Club, Ltd.*, No. A-4651-10T2, 2012 WL 787385, at *2 (N.J. Super. Ct. App. Div. Mar. 13, 2012) ("The filing of an affidavit of inquiry is not a mere technicality-it is a mandatory jurisdictional requirement."); *Advanced Surgery Ctr.*,

2012 WL 3598815, at *6.

19. A review of the Superior Court docket for this matter confirms that Plaintiff did not file an affidavit of diligent inquiry describing its efforts to serve Supercell in New Jersey. *See* Case Document list for Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L 2682-16, a true and correct copy of which is attached hereto as **Exhibit E.**

20. Accordingly, because Plaintiff failed to effectuate proper service on Supercell, the 30-day removal period was never triggered. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (proper service of process is required for the 30-day clock to commence on removal rights); *Di Loreto*, 351 F. App'x at 751 ("[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service."); *Advanced Surgery Ctr.*, 2012 WL 3598815, at *6 ("[I]mproper service that fails to give a court personal jurisdiction over a defendant will not trigger the time for removal.").

## VI. RESERVATIONS

21. Supercell disputes the Complaint in its entirety, including all factual and legal allegations and prayers for relief.

22. Supercell reserves all defenses.

23. Supercell reserves the right to amend or supplement this Notice of Removal if needed.

24. As to this matter, no further proceedings have been had in the Superior Court of New Jersey, Law Division, Monmouth County.

**WHEREFORE,** defendant Supercell respectfully gives notice of the removal of the state action referenced herein to the United States District Court for the District of New Jersey.

        Respectfully submitted,

        SILLS CUMMIS & GROSS P.C.


        By: /s/ Jeffrey J. Greenbaum
            Jeffrey J. Greenbaum
            Charles J. Falletta
            **SILLS CUMMIS & GROSS P.C.**
            One Riverfront Plaza
            Newark, NJ 07102-5400
            Telephone: (973) 643-7000
            Facsimile: (973) 643-6500

        *Attorneys for Defendant*
        SUPERCELL OY

Dated:  November 11, 2016

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civ. Rule 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

/s/ Jeffrey J. Greenbaum
JEFFREY J. GREENBAUM

Dated:  November 11, 2016