# Exhibit A

SUMMONS

Attorney(s)  Marcus & Zelman, P.C.

Office Address  1500 Allaire Ave. Suite 101

Town, State, Zip Code  Ocean, NJ 07712

Telephone Number  (732) 695-3282

Attorney(s) for Plaintiff  Alan Brahamsha

**Superior Court of
New Jersey**

Monmouth    COUNTY

Law    DIVISION

Alan Brahamsha, individually and on behalf of all others similarly

situated,

    Plaintiff(s)

Docket No:  L-2682-16

Vs.

Supercell OY, a Finnish limited company,

    Defendant(s)

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED:    08/16/2016

Name of Defendant to Be Served:    Supercell OY/Supercell, Inc. c/o The Corporation Trust Company

Address of Defendant to Be Served:    Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801

Revised 11/17/2014, CN 10792-English (Appendix XII-A)



Ari H. Marcus (Attorney No. 029662010)
ari@marcuszelman.com
MARCUS & ZELMAN, P.C.
1500 Allaire Avenue, Suite 101
Ocean Township, New Jersey 07712
Tel: 732.695.3282
Fax: 732.298.6256

*Attorney for Plaintiff and the Putative Class*

[Additional Counsel on signature page.]

| | |
|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> SUPERCELL OY, a Finnish limited company, <br><br> *Defendant.* | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> MONMOUTH VICINAGE <br><br> DOCKET NO: L 2682-16 <br><br> **CLASS ACTION COMPLAINT** <br><br> **CIVIL ACTION** <br><br> **JURY TRIAL DEMANDED** |



## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Alan Brahamsha, individually and on behalf of all others similarly situated, brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Supercell OY ("Supercell" or "Defendant") for its violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. §§ 56:12-14, *et seq*. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.   This case arises under the New Jersey Truth-in-Consumer Contract, Warranty and

Notice Act ("TCCWNA")—a strong consumer protection statute that broadly prohibits businesses from using deceptive and confusing provisions in consumer contracts. *See* N.J.S.A. §§ 56:12-15, 16.

2.   Defendant Supercell is a mobile gaming company that markets and sells mobile games to consumers in New Jersey. Everyone who plays Defendant's games must agree to its Terms of Service, a consumer contract.

3.   Unfortunately, Supercell's Terms of Service do not comply with New Jersey law. Specifically, and in contravention of clearly established law, some of its provisions entirely deny *any* redress to certain consumers—whether equitable, injunctive, or monetary—even for some knowing and intentional harms. Others provisions state that some terms may not apply to some consumers, without specifying which terms actually apply to whom.

4.   As a result, Supercell's Terms of Service leave consumers in the dark about their actual rights. But TCCWNA requires more. Specifically, TCCWNA forbids businesses from using boilerplate contract provisions that violate the clearly established legal rights of consumers, and it requires businesses to clearly explain which provisions do or do not apply in which jurisdictions.

5.   As such, Plaintiff, on behalf of himself and a putative class of similarly situated New Jersey residents (the "Class," defined below), seeks an injunction directing Defendant to bring its Terms of Service into compliance with TCCWNA as well as an award of statutory damages, costs, and reasonable attorneys' fees.

## PARTIES

6.   Plaintiff Alan Brahamsha is a natural person and resident of Monmouth County, New Jersey.

2

7. Defendant Supercell OY is a limited company organized and existing under the laws of Finland with its principal place of business located at Itämerenkatu 11, 00180 Helsinki, Finland. Supercell regularly does business in the State of New Jersey and throughout the United States.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to N.J. Const. art. VI, § 3, ¶ 2 as this action involves a local controversy in the State of New Jersey. Specifically, Plaintiff is a citizen of the State of New Jersey and the unlawful conduct alleged herein occurred in State of New Jersey.

9. Venue is proper in Monmouth County because Defendant does business in this County and because the unlawful conduct alleged herein occurred in this County and caused harm in this County. Additionally, Plaintiff is a resident of this County.

## THE TRUTH-IN-CONSUMER CONTRACT, WARRANTY, AND NOTICE ACT

10. TCCWNA is a preventative statute. It was enacted to prevent boilerplate contract provisions from deceiving or confusing New Jersey consumers about their legal rights. "Far too many consumer contracts, warranties, notices and signs contain provisions which clearly violate the rights of consumers. Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract, warranty, notice or sign deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce his rights." Statement, Bill No. A1660, 1981 N.J. Laws, Chapter 454, Assembly No. 1660, page 2.

11. For example, TCCWNA prohibits written consumer contracts from having provisions that:

- "[D]eceptively claim that a seller or lessor is not responsible for any damages caused to a consumer, even when such damages are the result of the seller's or

3

lessor's negligence";

- "[P]rovide that the consumer assumes all risks and responsibilities, and even agrees to defend, indemnify and hold harmless the seller from all liability";

- "[A]rbitrarily assert the consumer cannot cancel the contract for any cause without punitive forfeiture of deposits and payment of unfounded damages"; and

- Deny "the consumer's rights to due process . . . by deceptive provisions by which he allegedly waives his right to receive legal notices, waives process of law in the repossession of merchandise and waives his rights to retain certain property exempted by State or Federal law."

*Id.* at 2-3.

12.    TCCWNA prevents these and similar provisions from appearing in consumer contracts primarily through three broad prohibitions.

13.    First, TCCWNA directs that "[n]o seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed." N.J.S.A. § 56:12-15.

14.    Second, TCCWNA states that "[n]o consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act." N.J.S.A. § 56:12-16.

15.    Third, TCCWNA requires that "[n]o consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey." *Id.*

4

16.     Finally, to ensure that its prohibitions are followed, TCCWNA provides that "[a]ny person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." N.J.S.A. § 56:12-17.

## FACTUAL BACKGROUND

### A.     An Overview of Supercell.

17.     Supercell owns and operates a number of proprietary mobile gaming applications, including Clash of Clans, the top grossing mobile game of all time.

18.     To play one of Supercell's mobile games, a consumer must first download the game application onto a mobile device.

19.     Upon downloading and launching any of Supercell's game applications, and before creating a game account, consumers are required to agree to its standard Terms of Service, which are non-negotiable and presented on a take-it-or-leave-it basis. *See, e.g.*, <u>Figures 1-3</u>, below.



**Figure 1** (Clash of Clans click-wrap agreement for Terms of Service).



**Figure 2** (Hay Day click-wrap agreement for Terms of Service).



**Figure 3** (Boom Beach click-wrap agreement for Terms of Service).

20.    Supercell imposes the same Terms of Service for all of its games, and consumers cannot create game accounts or begin playing Supercell's games unless and until they have clicked on a virtual button signifying their acceptance of these Terms of Service.

21.    Supercell makes its money by selling in-game virtual items to consumers in exchange for real money. These sales are governed by Supercell's Terms of Service, which state "[t]he provision of Virtual Items for use in Supercell games is a service provided by Supercell that commences immediately upon acceptance by Supercell of your purchase."

22.    For example, Clash of Clans generates millions of dollars in revenues each week by selling "gems," a virtual item and in-game currency, to players, in exchange for actual currency. Players use these purchased virtual items to get in-game resources and upgrades for

6

their own entertainment and personal benefit. Supercell actively designs its games to encourage such use, all to maximize its own revenues.

23. All of Supercell's games—including Clash of Clans, Hay Day, Boom Beach, and Clash Royale—operate on the same basic economic model: players can play for free, but are heavily encouraged to use real money to purchase in-game currencies like gems, gold, or diamonds that they can later exchange for in-game resources and upgrades. Selling these virtual items is at the core of Supercell's entire business model and is the source of nearly all of its revenues.

24. Unfortunately, all of Defendant's sales are governed by Terms of Service that violate New Jersey law.

**B.  Supercell's Terms of Service Violate TCCWNA.**

i.  *The Terms of Service Violate N.J.S.A § 56:12-15*

25. Defendant's Terms of Service contain provisions that violate the clearly established legal rights of consumers like Plaintiff and the members of the Class.

26. For instance, Defendant's Terms of Service contain pre-injury releases that, if valid, would forbid seeking *any* actual redress for certain intentional injuries, even though it has long been "a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury its proper redress," *Marbury v. Madison*, 5 U.S. 137, 147, 2 L. Ed. 60 (1803), and "[a]n agreement containing a pre-injury release from liability for intentional or reckless conduct also is plainly inconsistent with public policy." *Stelluti v. Casapenn Enterprises, LLC*, 203 N.J. 286, 303 (2010).

27. Specifically, Defendant makes consumers "irrevocably waive all rights to seek injunctive or other equitable relief" while also limiting their claims for monetary damages to

7

"[t]he amount you have paid to Supercell in accordance with these terms of service in the six (6) months immediately preceding the date on which you first assert a claim." Supercell further states that "if you have not paid anything to Supercell during such time period, your sole remedy (and Supercell's exclusive liability) for any dispute with Supercell is to stop using the service and to cancel your account." *See* Figure 4, below.



**7. Limitation of Liability; Sole and Exclusive Remedy; Indemnification**

SUPERCELL SHALL NOT BE LIABLE TO YOU FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL, PUNITIVE OR OTHER SIMILAR DAMAGES, INCLUDING BUT NOT LIMITED TO LOSS OF REVENUES, LOST PROFITS, LOST DATA OR BUSINESS INTERRUPTION OR OTHER INTANGIBLE LOSSES (HOWEVER SUCH LOSSES ARE QUALIFIED), ARISING OUT OF OR RELATING IN ANY WAY TO THESE TERMS OF SERVICE OR THE SERVICE ITSELF, WHETHER BASED ON CONTRACT, TORT OR ANY OTHER LEGAL THEORY, AND WHETHER OR NOT SUPERCELL HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. SUPERCELL SHALL NOT BE LIABLE TO YOU FOR MORE THAN THE AMOUNT YOU HAVE PAID TO SUPERCELL IN ACCORDANCE WITH THESE TERMS OF SERVICE IN THE SIX (6) MONTHS IMMEDIATELY PRECEDING THE DATE ON WHICH YOU FIRST ASSERT A CLAIM. YOU ACKNOWLEDGE AND AGREE THAT IF YOU HAVE NOT PAID ANYTHING TO SUPERCELL DURING SUCH TIME PERIOD, YOUR SOLE REMEDY (AND SUPERCELL'S EXCLUSIVE LIABILITY) FOR ANY DISPUTE WITH SUPERCELL IS TO STOP USING THE SERVICE AND TO CANCEL YOUR ACCOUNT.

**Figure 4**.

28.     These provisions operate to deny any and all redress—whether injunctive, equitable, or monetary—for injuries suffered by consumers who have not paid any money to Supercell within the prior six months, even (in some cases) if the injuries were intentional. Although Supercell's Terms of Service also go on to state that these overbroad limitations do not apply to statutory rights, death, or personal injury arising from its own negligence or fraud, they still apply to other knowing or intentional injuries, and thus contravene the clearly established legal right of consumers to seek redress for intentional harms.

29.     Moreover, as detailed further below, Supercell abdicates its clearly established legal responsibility to clarify which of its limitations do or do not specifically apply within the

state of New Jersey.

30.     For these reasons, Supercell's Terms of Service violate TCCWNA, which prohibits sellers from including provisions in written consumer contracts that violate the clearly established legal rights of consumers or the responsibilities of the sellers themselves.

    ii.     *The Terms of Service Violate N.J.S.A § 56:12-16*

31.     Defendant's Terms of Service contain provisions that state in a general, non-particularized fashion that they are void, inapplicable or unenforceable in some jurisdictions, without specifying which provisions are void, inapplicable or unenforceable in New Jersey.

32.     Specifically, Defendant's Terms of Service state that "Some jurisdictions do not allow the exclusion of certain warranties or the limitation or exclusion of liability for certain types of damages. Accordingly, some of the above disclaimers and limitations may not apply to you."

33.     Confusingly, while stating that some exclusions and disclaimers may be inapplicable in some jurisdictions, Supercell does not specify which of these provisions are or are not applicable within any particular jurisdictions, including the State of New Jersey.

34.     Accordingly, Defendant leaves New Jersey residents without meaningful guidance as to their specific rights under its Terms of Service agreement and applicable law.

35.     Because Defendant's Terms of Service fail to state which provisions are applicable in the state of New Jersey, they violate TCCWNA, which prohibits sellers from stating that some provisions in a written consumer contract may be inapplicable in some jurisdictions without specifying which provisions are or are not applicable within the State of New Jersey.

## FACTS RELATING TO PLAINTIFF BRAHAMSHA

36.     Plaintiff Brahamsha has been a New Jersey resident for his entire life.

37.     In 2014, while in the State of New Jersey, Plaintiff Brahamsha downloaded Supercell's Clash of Clans game application onto three different mobile devices, all for his personal entertainment purposes.

38.     On each of these devices, upon launching Clash of Clans, Plaintiff was presented with Defendant's Terms of Service. He was unable to proceed to create an account or to otherwise play Clash of Clans until he clicked on a button signifying his agreement to these Terms of Service.

39.     As was required in order to play, Plaintiff clicked the button that signified his assent to Defendant's Terms of Service, created (or logged into) a Supercell game account, and proceeded to play the game.

40.     Plaintiff ultimately paid Defendant more than $50 to purchase virtual items from Defendant. All of Plaintiff's purchases were subject to Defendant's Terms of Service.

41.     At the time that Plaintiff agreed to Defendant's Terms of Service, and at the time that he made his purchases from Defendant, the Terms of Service contained the unlawful provisions complained of throughout this Complaint.

## CLASS ALLEGATIONS

42.     **Class Definition**: Plaintiff Brahamsha brings this action pursuant to Rule 4:32 of the New Jersey Court Rules on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All New Jersey residents who have 1) created an account in a Supercell game; and 2) spent money on that Supercell account.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding

10

over this action and members of their families; (2) Defendant. Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors. and assigns of any such excluded persons.

43.    **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, there are thousands of people in the Class, making joinder of each individual member impracticable. Additionally, the Class is ascertainable because its members will be easily identified through Defendant's records.

44.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a)    Whether Defendant's Terms of Service violates TCCWNA;

    b)    Whether Defendant required Plaintiff and the members of the Class to agree to these Terms of Service before creating game accounts;

    c)    Whether Defendant thereby entered into written consumer contracts with Plaintiff and the members of the Class in violation of TCCWNA; and

    d)    Whether Plaintiff and the Class members are entitled to statutory damages, costs, and attorneys' fees as a result of Defendant's TCCWNA violations.

45.    **Typicality**: Plaintiff's claims are typical of the claims of the other members of the

11

Class. Plaintiff and the Class were uniformly exposed to Defendant's wrongful conduct during its interactions with Plaintiff and the Class.

46. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

47. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

48. **Superiority**: This case is also appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The injuries suffered by the individual members of the Class are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Defendant. Even if members of the Class themselves could sustain such individual litigation, it would not be

preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
### Violations of N.J.S.A. §§ 56:12-14, *et seq.*
### (On Behalf of Plaintiff and the Class)

49.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50.     Plaintiff and the members of the Class have bought services from Defendant for their own personal, family, or household purposes, and are "consumers" under TCCWNA. N.J.S.A. § 56:12-15.

51.     Defendant, in the ordinary course of its business, has sold services to Plaintiff and the members of the Class for their own personal, family, or household purposes, and is a "seller" under TCCWNA. N.J.S.A. § 56:12-15.

52.     Defendant's Terms of Service are written agreements under which Plaintiff and the members of the Class have purchased Defendant's services, and are "written consumer contracts" under TCCWNA.

53.     Defendant requires all users of its mobile game applications to affirmatively agree to its Terms of Service, and has thereby entered into written consumer contracts with Plaintiff and the members of the Class.

54.     As detailed above, Defendant's Terms of Service include provisions that violate the clearly established legal rights Plaintiff and the members of the Class, including the right to

seek redress for intentional harms. Defendant's Terms of Service also abdicate its own clearly established legal responsibilities as a seller, including its responsibility to specify how its disclaimers, which it claims are inapplicable in some jurisdictions, specifically apply in the State of New Jersey.

55.    Accordingly, Defendant has violated TCCWNA, which states that:

"No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed."

N.J.S.A. § 56:12-15.

56.    Additionally, as detailed above, Defendant's Terms of Service include provisions stating that some other provisions are inapplicable or void in some jurisdictions without stating which provisions are inapplicable or void in the State of New Jersey.

57.    Accordingly, Defendant has violated TCCWNA states that:

"No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."

N.J.S.A. § 56:12-16.

58.    By violating TCCWNA, Defendant has caused Plaintiff and the members of the Class to be subject to written consumer contracts with provisions that are unlawful under New Jersey law.

59.    Accordingly, Plaintiff and the Class members are each entitled to $100 in statutory damages, actual damages, court costs, and reasonable attorneys' fee pursuant to N.J.S.A. § 56:12-17.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brahamsha, individually and on behalf of the Class, prays that this Court provide the following relief:

A.    Certify this case as a class action on behalf of the Class as defined above, appoint Plaintiff Alan Brahamsha as the representative of the Class, and appoint his counsel as Class counsel;

B.    Declare that Defendant's conduct, as described herein, constitutes a violation of New Jersey's Truth-In-Consumer Contract Warranty and Notice Act, N.J.S.A. §§ 56:12-14 *et seq.*;

C.    Declare the above-referenced provisions of Defendant's Terms of Service User void;

D.    Award actual and statutory damages;

E.    Award costs and reasonable attorneys' fees;

F.    Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.    Award such other and further relief as equity and justice may require.

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO LOCAL RULE 4:24-4

Ari H. Marcus is hereby designated as trial counsel on behalf of Plaintiff and the proposed Class in this matter.

## JURY DEMAND

Plaintiff requests a trial by jury for all claims that can be so tried.

Respectfully submitted,

**MARCUS & ZELMAN, P.C.**

Dated: July 26, 2016

By: _____

Ari H. Marcus, attorney for Plaintiff.

Ari H. Marcus (Attorney No. 029662010)
ari@marcuszelman.com
MARCUS & ZELMAN, P.C.
1500 Allaire Avenue, Suite 101
Ocean Township, New Jersey 07712
Tel: 732.695.3282
Fax: 732.298.6256

Benjamin H. Richman*
brichman@edelson.com
Courtney C. Booth*
cbooth@edelson.com
Elizabeth A. Winkowski*
ewinkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Admission *pro hac vice* to be sought.

## CERTIFICATION OF REDACTION OF PERSONAL IDENTIFIERS
## PURSUANT TO LOCAL RULE 1:38-7(c)

I, Ari H. Marcus, certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b) and Rule 1:39-7(c).

Ari H. Marcus

17

## LOCAL RULE 4:5-1 CERTIFICATION

Pursuant to Local Rule 4:5-1, I, Ari H. Marcus, certify to the best of my personal knowledge and advised by plaintiff that the matter in controversy is not the subject of any other action pending in any other Court and that no other than action or arbitration proceeding is contemplated, and that Plaintiff is unaware of any other parties who should be joined into this action or who are otherwise subject to joinder.

Ari H. Marcus

18

**Appendix XII-B1**

| | |
|---|---|
| **CIVIL CASE INFORMATION STATEMENT** (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | **FOR USE BY CLERK'S OFFICE ONLY** PAYMENT TYPE: ☐ CK ☐ CG ☐ CA  CHG/CK NO.  AMOUNT:  OVERPAYMENT:  BATCH NUMBER: |

| 1. ATTORNEY / PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| Ari H. Marcus, Esq. | (732) 695-3282 | Monmouth |

| 4. FIRM NAME (if applicable) | 5. DOCKET NUMBER (when available) |
|---|---|
| Marcus & Zelman, LLC | |

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
|---|---|
| 1500 Allaire Avenue, Suite 101, Ocean, NJ 07712 | Complaint |
| | 8. JURY DEMAND ■ YES  ☐ NO |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
|---|---|
| Alan Brahamsha | Alan Brahamsha, individually and on behalf of all others similarly situated v. Supercell OY, a Finnish limited company |

| 11. CASE TYPE NUMBER (See reverse side for listing)  508 | 12. HURRICANE SANDY RELATED? ☐ YES ■ NO | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO  IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| 14. RELATED CASES PENDING? ☐ YES ■ NO | | 15. IF YES, LIST DOCKET NUMBERS |
| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ■ No | | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ■ OTHER (explain) Consumer realationship |
|---|---|

| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ NO |
|---|

20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| 22. WILL AN INTERPRETER BE NEEDED? ☐ Yes ■ No | IF YES, FOR WHAT LANGUAGE? |

23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

24. ATTORNEY SIGNATURE:

Page 4 of 5

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 291 | PELVIC MESH/GYNECARE |
| 278 | ZOMETA/AREDIA | 292 | PELVIC MESH/BARD |
| 279 | GADOLINIUM | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 288 | PRUDENTIAL TORT LITIGATION | 601 | ASBESTOS |
| 289 | REGLAN | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

Please check off each applicable category     ■ Putative Class Action     ☐ Title 59

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD          NJ 07728

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM

                                      TRACK ASSIGNMENT NOTICE

                DATE:    AUGUST 03, 2016
                RE:      BRAUMSHA VS SUPERCELL OY
                DOCKET:  MON L -002682 16

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON KATIE A. GUMMER

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM   001
AT:  (732) 677-4246 EXT 4246.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

            ATTENTION:

                         ATT: ARI H. MARCUS
                         MARCUS & ZELMAN LLC
                         1500 ALLAIRE AVENUE
                         SUITE 101
                         OCEAN           NJ 07712

JUNRIO0