## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated, | : | Civil Action No. 16-8440 (FLW)(DEA) |
| | : | Hon. Freda L. Wolfson, U.S.D.J. |
| Plaintiff, | : | |
| | : | Motion Return Date: January 3, 2017 |
| v. | : | |
| SUPERCELL OY, a Finnish limited company, | : | |
| Defendant. | : | |
| | : | |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

Jeffrey J. Greenbaum
Charles J. Falletta
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102-5400
Telephone:     973.643.7000
Facsimile:     973.643.6500

Jennifer L. Kelly (*pro hac* application pending)
Tyler Newby (*pro hac* application pending)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

*Attorneys for Defendant*
SUPERCELL OY

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ................................................................................. 2

ARGUMENT ................................................................................................. 4

    I.      PLEADING STANDARD ................................................................ 4

    II.     PLAINTIFF LACKS STATUTORY STANDING UNDER TCCWNA BECAUSE HE IS NOT AN "AGGRIEVED" CONSUMER ............................. 5

           A.     Courts Interpreting TCCWNA Have Defined "Aggrieved" As Having Suffered Injury or Harm ............................................. 7

           B.     Canons of Statutory Construction Reinforce the Conclusion That Deception or Harm is Required to Confer Statutory Standing under TCCWNA ................................................ 10

           C.     Plaintiff Fails to Allege Any Injury or Harm As A Result of Supercell's Terms of Service ................................................ 11

    III.    PLAINTIFF HAS NOT ALLEGED INJURY SUFFICIENT TO MEET ARTICLE III'S CONSTITUTIONAL STANDING REQUIREMENTS ........... 12

           A.     Mere Statutory Violations Do Not Amount to Injury-In-Fact for Constitutional Standing ................................................ 13

CONCLUSION ............................................................................................. 16

# <u>TABLE OF AUTHORITIES</u>

PAGE

CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................4

*Baker v. Inter Nat'l Bank*,
  No. 1:08-cv-5668, 2012 WL 174956 (D.N.J. Jan. 19, 2012)....................................9

*Barbarino v. Paramus Ford, Inc.*,
  Nos. BER-L-2856-15, BER-L-L3010-15, 2015 WL 5475928 (N.J. Super. Ct.
  Jan. 1, 2015).................................................................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................4

*Braitberg v. Charter Commc'ns, Inc.*,
  836 F.3d 925 (8th Cir. 2016) ...........................................................................14

*Cameron v. Monkey Joe's Big Nut Co.*,
  No. BUR-L-2201-07, 2008 WL 6084192 (N.J. Super. Ct. Aug. 4, 2008)...............9

*Candelario v. Rip Curl, Inc.*,
  Civ. No. 8:16-00963-CJC(AGRx) (C.D. Cal. Sept. 7, 2016) ................................15

*DiProspero v. Penn*,
  183 N.J. 477 (2005) .......................................................................................10

*Dressler v. Lime Energy*,
  No. 3:14-cv-07060 FL, 2015 WL 4773326 (D.N.J. Aug. 13, 2015) ....................10

*Ex parte Van Winkle*,
  3 N.J. 348 (1950) ..........................................................................................11

*Farrell v. Toys R' Us*,
  No. A-3124-10T2, 2012 WL 4069515 (N.J. Super. Ct. Sept. 18, 2012) ..............11

*Hancock v. Urban Outfitters, Inc.*,
  830 F.3d 511 (D.C. Cir. 2016) .........................................................................14

*Hecht v. Hertz Corp.*,
  No. 2:16-cv-01485 (WJM), 2016 WL 6139911 (D.N.J. Oct. 20, 2016)............4, 14

*Kamal v. J. Crew Grp., Inc.*,
  No. 2:15-0190 (WJM), 2016 WL 6133827 (D.N.J. Oct. 20, 2016)......................14

*Kessler Inst. for Rehab., Inc. v. Mayor & Council of Borough of Essex Fells,*
    876 F. Supp. 641 (D.N.J. 1995) .................................................................11

*Lee v. Verizon Commc'ns, Inc.,*
    837 F.3d 523 (5th Cir. 2016) .................................................................14

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) .................................................................12

*Mortensen v. First Fed. Sav. & Loan Ass'n,*
    549 F.2d 884 (3d Cir. 1977).................................................................5

*Nicklaw v. Citimortgage, Inc.,*
    839 F.3d 998 (11th Cir. 2016) .................................................................14

*Phillips v. County of Allegheny,*
    515 F.3d 224 (3d Cir. 2008).................................................................4

*Russell v. Croscill Home, LLC,*
    Civ. No. 16-1190 (PGS) (D.N.J. Oct. 11, 2016)....................................2, 7, 8, 14, 15

*Shah v. American Express Co.,*
    No. 09-cv-00022, 2009 WL 3234594 (D.N.J. Sept. 30, 2009).............................7, 9

*Shelton v. Restaurant.com, Inc.,*
    214 N.J. 419 (2013) .................................................................5, 6, 10

*Society Hill Towers Owners' Ass'n v. Rendell,*
    210 F.3d 168 (3d Cir. 2000).................................................................4

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 (2016).................................................................12, 13, 14, 15

*Steel Co. v. Citizens for Better Env't,*
    523 U.S. 83 (1998) .................................................................12

*TRW Inc. v. Andrews,*
    534 U.S. 19 (2001).................................................................10

*United States v. Cooper,*
    396 F.3d 308 (3d Cir. 2005).................................................................10

*Walters v. Dream Cars Nat'l LLC,*
    No. BER-L-9571, 2016 WL 890783 (N.J. Super. Ct. Mar. 8, 2016)..............................5, 7, 9

*Warth v. Seldin,*
    422 U.S. 490 (1975).................................................................12

*Watkins v. DineEquity, Inc.*,
   591 F. App'x 132 (3d Cir. 2014) ...................................................................5

*Wenger v. Bob's Discount Furniture, Inc.*,
   Civ. 14-7707 (PGS) (Feb, 29, 2016) ......................................................7, 8, 9

**STATUTES AND RULES**

28 U.S.C. § 1332(d) ...........................................................................................4

Fed. R. Civ. P. 12(b)(1) ..............................................................................2, 4, 5

Fed. R. Civ. P. 12(b)(5) ......................................................................................4

Fed. R. Civ. P. 12(b)(6) ..............................................................................2, 4, 5

N.J.S.A. § 1:1-1 ................................................................................................11

N.J.S.A. § 56:12-14 *et seq.* ..................................................................... *passim*

**OTHER AUTHORITIES**

Black's Law Dictionary 479 (9th ed. 2009) .....................................................13

U.S. Constitution, Art. III ......................................................................... *passim*

## PRELIMINARY STATEMENT

Plaintiff Alan Brahamsha ("Plaintiff") seeks a windfall award for himself and a class of other users of Supercell games under the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14 *et seq.* ("TCCWNA") based on provisions in Supercell's mobile game terms of service that he does not even claim to have read.  In doing so, Plaintiff joins the growing chorus of no-injury class action lawsuits targeting the terms and conditions of online retailers and service providers.[1]  The flawed theory underlying these suits is that companies should pay multi-million dollar settlements or judgments for mere technical violations appearing in their online terms of service, regardless of whether the plaintiffs saw them.  Fortunately, courts have recognized that only "aggrieved consumers" who have suffered harm as a result of a defendant's alleged TCCWNA violation can bring a claim for statutory damages.  Plaintiff does not satisfy that requirement, as he does not allege that he even read those terms, much less suffered any harm as a result of any provision therein.  For this reason, Plaintiff has not shown that he is an "aggrieved" consumer who has standing to pursue a claim under TCCWNA.

The New Jersey legislature enacted TCCWNA to protect New Jersey consumers from misleading or deceptive contract provisions.  Accordingly, TCCWNA permits "aggrieved" consumers, defined by New Jersey courts as those who have suffered injury or harm as a result of a violation of the statute, to bring a claim for statutory damages.  But Plaintiff does not allege that he or any other putative class member suffered any sort of injury or harm as a result of

---

[1] Indeed, on the same day that Plaintiff filed the instant suit, he filed two additional putative class actions under TCCWNA in the Superior Court of New Jersey containing nearly identical allegations.  These two cases, *Brahamsha v. Starbucks Corporation*, Docket No. MON-L-2676-16 and *Brahamsha v. Rebox*, Docket No. MON-L-2683-16, have since been removed to federal court and are now pending in the Western District of Washington and the Northern District of Illinois, respectively.  *See Brahamsha v. Starbucks Corporation,* Case No. 2:16-cv-01667-RSM (W.D. Wash.) (Dkt Nos. 1, 11); *Brahamsha v. Redbox Autoamted Retail, LLC*, Case No. 1:16-cv-10054 (N.D. Ill.) (Dkt Nos. 1, 11).

Supercell's alleged conduct.  Instead, he merely asserts that he selected a button signifying his consent to Supercell's Terms of Service in the process of launching Supercell's gaming application.  Such allegations are insufficient to demonstrate that Plaintiff is "aggrieved" for purposes of statutory standing.  Because the plain language of the statute makes clear that the New Jersey legislature did not intent to create a stand-alone cause of action based on mere technical violations of TCCWNA, Plaintiff's claim fails as a matter of law and must be dismissed for failure to state a claim under Rule 12(b)(6).

Further, even if a mere technical violation of TCCWNA were adequate to afford Plaintiff standing to seek civil remedies under the statute, Plaintiff's claim must still be dismissed for failure to establish that Plaintiff meets the requirements for constitutional standing under Article III.  As the Supreme Court recently clarified, and as courts in this District agree, such violations do not give rise to injury-in-fact sufficient to invoke the jurisdiction of this Court.  Indeed, this Court recently dismissed a TCCWNA claim on the grounds that the plaintiff's lack of harm deprived him of both statutory and constitutional standing.  *Russell v. Croscill Home, LLC*, Civ. No. 16-1190 (PGS) (D.N.J. Oct. 11, 2016) (Sheridan, J.).  Accordingly, because Plaintiff can allege – at most – a bare procedural violation of TCCWNA, his claim also should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1).

## STATEMENT OF FACTS

Supercell is a premier mobile gaming company based in Finland.  Supercell has developed and published a series of mobile gaming applications, including the titles "Clash of Clans," "Clash Royale," "Boom Beach," and "Hay Day."  Compl. ¶ 23.  These games are available for free, but charge premiums for extra functionality (e.g., to advance more quickly in the game).  *Id*.  With respect to Clash of Clans, Supercell generates revenue by selling "gems," a

virtual item the player can acquire by making in-app purchases. *Id*. at ¶ 22

Plaintiff alleges that he downloaded Clash of Clans onto three different mobile devices. Compl. ¶ 37.  Upon downloading and launching Clash of Clans, a screen is presented to the user that states: "Clash of Clans is free to play, but you can speed up progress with in-app purchases (to disable this, set up password protection in your Google Play Store app settings). Tap OK to accept our Terms and Privacy Policy."  *Id.* at ¶ 19, Figure 1.  Plaintiff alleges that he was unable to proceed in creating an account with Supercell or otherwise playing Clash of Clans until he clicked the "OK" button to signify his agreement to Supercell's Terms of Service.  *Id.* at ¶ 38. Plaintiff further alleges that after he "signified his assent" to the Terms, he created a Supercell game account and proceeded to play Clash of Clans, ultimately spending $50 on virtual items through the mobile application.  *Id.* at ¶ 40.  Plaintiff does not allege that he actually accessed or viewed Supercell's Terms of Service.  Instead, he alleges merely that at the time he played Clash of Clans, Supercell's Terms of Service "contained the unlawful provisions complained of throughout [the] Complaint."  *Id.* at ¶ 41.

In particular, Plaintiff takes issue with the limitation of liability provision allegedly contained in Supercell's Terms of Service.  But while Plaintiff claims this provision is objectionable under TCCWNA, he does not allege that he suffered any injury or harm as a result of the purported TCCWNA violation.  The Complaint is also devoid of any allegation that Plaintiff was dissatisfied with Clash of Clans, or that Plaintiff had a dispute with Supercell that implicated the Terms of Service.  Plaintiff also does not allege that he would not have played Clash of Clans or made in-applications purchases had he known the content of Supercell's terms. Further, the Complaint lacks any facts suggesting that Plaintiff was deceived or misled by Supercell's Terms of Service.  Indeed, the Complaint fails to allege that Plaintiff even opened, let

alone read, Supercell's terms.  Based on these allegations (or lack thereof), on July 28, 2016

Plaintiff filed this putative class action against Supercell in New Jersey state court.  On

November 11, 2016, Supercell removed the action to this Court pursuant to the Class Action

Fairness Act, 28 U.S.C. § 1332(d), and now moves to dismiss.[2]

## ARGUMENT

### I.   PLEADING STANDARD

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court

must accept as true a plaintiff's well-pled allegations and all reasonable inferences that may be

drawn from them, but "the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A plaintiff must assert

the "grounds" for relief, i.e., he or she must allege facts that are suggestive of the proscribed

conduct.  *Phillips v. County of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008) (quoting

*Twombly*, 550 U.S. at 563 n.8).  To survive a motion to dismiss a complaint must contain

sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face."

*Id.* at 234.

A motion to dismiss for lack of subject-matter jurisdiction is properly brought under Rule

12(b)(1).  *Society Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 175 (3d Cir. 2000); *Hecht

v. Hertz Corp.*, No. 2:16-cv-01485 (WJM), 2016 WL 6139911, at *4 (D.N.J. Oct. 20, 2016)

---

[2] At the time that Supercell removed the action to this Court, it had not yet properly been served
with the summons or Complaint.  *See* Notice of Removal (Dkt. No. 1).  Shortly afterwards, on
November 15, 2016, Supercell was served in Helsinki, Finland.  Although Supercell does not
concede that this service was in accordance with the procedures and requirements of the Hague
Convention, Supercell does not challenge the sufficiency of such service under Rule 12(b)(5).

(dismissing TCCWNA claim under Rule 12(b)(1)).  Where a party argues that the complaint is insufficient on its face to invoke the Court's jurisdiction, the Court applies the same standard as utilized in deciding a motion under Rule 12(b)(6). *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).  Accordingly, the court must accept as true the plaintiff's well-pleaded factual allegations regarding standing.  *Id.*

## II.     PLAINTIFF LACKS STATUTORY STANDING UNDER TCCWNA BECAUSE HE IS NOT AN "AGGRIEVED" CONSUMER

Plaintiff's claim fails as a matter of law because he is not an "aggrieved consumer," and therefore lacks statutory standing to seek civil remedies under TCCWNA.  N.J.S.A. 56:12-17.  The New Jersey legislature's clear intent in enacting TCCWNA was to protect against consumer deception from contract provisions that "clearly violate the rights of consumers."  *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 431 (2013).  In particular, the Legislature was concerned that "[f]ar too many consumer contracts, warranties, notices and signs contain provisions which clearly violate the rights of consumers.  Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract, warranty, notice or sign deceives a customer into thinking that they are enforceable and for this reason the customer often fails to enforce his rights."  Assem. 1660 (Sponsors' Statement), 199th Leg. (N.J. May 1, 1980); *see also Walters v. Dream Cars Nat'l LLC*, No. BER-L-9571, 2016 WL 890783, at *5 (N.J. Super. Ct. Mar. 8, 2016) ("Construing the legislative intent in conformity with the plain language of the statute, it is apparent that the Legislature was concerned with jurisdictional differences and how such differences may deceive consumers or obscure their rights, responsibilities, or remedies under New Jersey law.").

TCCWNA does not establish new consumer rights or responsibilities for sellers of consumer goods or services.  *Watkins v. DineEquity, Inc.*, 591 F.App'x 132, 134 (3d Cir. 2014).

Instead, the statute bolsters the rights and remedies established by other laws and is "in addition to and cumulative of any other right, remedy or prohibition accorded by common law, Federal law or statutes of [the state of New Jersey]." *See* N.J.S.A. 56:12-18.  TCCWNA affords aggrieved consumers relief from deceptive practices in one of two ways.  First, Section 15 provides:

> No seller . . . shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign . . . which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

Second, Section 16 of TCCWNA provides that "[n]o consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act."  N.J.S.A. § 56:12-16.  Section 16 further provides that "[n]o consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."  *Id.*; *see also Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 427–28, 70 A.3d 544, 549 (2013) ("In other words, a contract or notice cannot simply state in a general, nonparticularized fashion that some of the provisions of the contract or notice may be void, inapplicable, or unenforceable in some states.").[3]

TCCWNA confers a private right of action to those consumers who are "aggrieved" by deceptive practices in consumer contracts that violate these provisions.  N.J.S.A. 56:12-17 ("Any

---

[3] Although Supercell does not address the merits of Plaintiff's claim in this Motion, it does not concede that any of the terms or conditions contained in its Terms of Service violate Section 15 or Section 16 of TCCWNA.

person who violates the provisions of this act shall be liable to the ***aggrieved consumer*** for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs.") (emphasis added); *see also Shah v. American Express Co.*, No. 09-cv-00022, 2009 WL 3234594, at *3 (D.N.J. Sept. 30, 2009) ("TCCWNA creates a violation where a creditor in the course of its business offers a consumer or prospective consumer any notice which violates any federal or state law provisions. However, liability under the TCCWNA only attaches for the creditor when there are actual 'aggrieved' consumers."). Accordingly, in order to state a claim under TCCWNA, Plaintiff must show that he is an "aggrieved" consumer under the statute. Because Plaintiff's Complaint fails to make such a showing, it must be dismissed.

## A.   Courts Interpreting TCCWNA Have Defined "Aggrieved" As Having Suffered Injury or Harm

Courts interpreting TCCWNA's standing requirement have held that a plaintiff seeking monetary recovery under the statute must allege more than a mere technical violation of its provisions. *See e.g., Russell v. Croscill Home, LLC*, Civ. No. 16-1190 (PGS) (D.N.J. Oct. 11, 2016) (Transcript)[4]; *Wenger v. Bob's Discount Furniture, Inc.*, Civ. 14-7707 (PGS) (Feb, 29, 2016) (Transcript).[5] Instead, a plaintiff must establish that he or she has suffered some form of harm or injury as a result of the purportedly illegal terms to state a claim for statutory damages. *See Walters v. Dream Cars Nat'l LLC*, 2016 WL 890783, at *6 ("In spite of TCCWNA's expansive protections, the Legislature intended the TCCWNA only target those vendors that engage in a deceptive practice and sought to only punish those vendors that in fact deceived the

---

[4] A copy of the Transcript of Decision in *Russell v. Croscill Home, LLC*, Civ. No. 16-1190 (PGS) (D.N.J. Oct. 11, 2016) is attached to the Certification of Jeffrey J. Greenbaum ("Greenbaum Cert.") as Exhibit A.
[5] A copy of the Transcript of Decision in *Wenger v. Bob's Discount Furniture, Inc.*, Civ. 14-7707 (PGS) (D.N.J. Feb, 29, 2016) is attached to the Greenbaum Cert., as Exhibit B.

consumer, causing harm to the consumer.").

In a case directly on point with the instant one, the District Court of the District of New Jersey (Judge Sheridan) recently addressed this issue and dismissed a complaint where the plaintiff failed to allege that he suffered any harm as a result of the defendant's purported TCCWNA violation. *Russell v. Croscill Home, LLC*, Civ. No. 16-1190 (PGS) (D.N.J. Oct. 11, 2016) (Transcript). The court began "with the text of the statute itself," and adopted a definition of "aggrieved" as "one entitled to a remedy, especially a party who's personal, pecuniary or property rights have been adversely affected by another person's action." *Id.* at 9 (citing *Black's Law Dictionary*). Although the plaintiff alleged that in making a purchase through the defendant's website he agreed to terms and conditions which allegedly "imposed unfair, one-sided provisions" in violation of TCCWNA, the complaint lacked any allegation that the purchased product was defective or that the terms had been invoked by the defendant in response to any claim by the plaintiff. *Id.* at 2–4. The court observed that the complaint lacked any allegation that plaintiff had even read the terms and conditions, and concluded that because the plaintiff failed to establish "any losses stemming from the terms and conditions of the defendant's website," he was not an aggrieved consumer as required to bring an action under the statute. *Id.* at 9.

The court reached a similar conclusion in *Wenger v. Bob's Discount Furniture, Inc.*, Civ. 14-7707 (PGS) (D.N.J. Feb, 29, 2016) (Transcript). There, Judge Sheridan similarly concluded that a TCCWNA claim cannot be premised on the mere technical violation of a statute. In that case, the plaintiff's TCCWNA claim was based on an underlying violation of New Jersey's Household Furniture and Furnishing Regulations, N.J.A.C. 13:45A-5.1, which requires the first page of a furniture contract or sales document to state the delivery date in bold type. *Id.* at 9.

8

Although the plaintiff's furniture was delivered on time and the sales agreement included the delivery date, the contract failed to meet the technicalities required under the statute. *Id.* at 11-12. The court held that a plaintiff is "aggrieved" under TCCWNA only where he or she has suffered the effects of a TCCWNA violation. Because the defendant's failure to adhere to the technicalities of the statute did not result in any injury to the plaintiff, he was not an aggrieved consumer entitled to TCCWNA's statutory remedies. *Id.*

   This conclusion is consistent with other District Court of New Jersey and New Jersey state court decisions, which consistently have held that a consumer must *actually suffer harm* from the alleged TCCWNA violation in order to have standing to pursue a claim under the statute. *See e.g., Walters v. Dream Cars Nat'l LLC*, No. BER-L-9571-14, 2016 WL 890783, at *6 (N.J. Super. Ct. Mar. 8, 2016) ("[T]he Legislature intended that TCCWNA only target those vendors that engage in a deceptive practice and sought to only punish those vendors that in fact deceived the consumer, causing harm to the consumer."); *Shah v. American Express Co.*, No. 09-00622, 2009 WL 3234594, at *3 (D.N.J. Sept. 30, 2009) ("[L]iability under TCCWNA only attaches for the creditor when there are actual 'aggrieved' consumers."); *Cameron v. Monkey Joe's Big Nut Co.*, No. BUR-L-2201-07, 2008 WL 6084192 (N.J. Super. Ct. Aug. 4, 2008) ("Plaintiff does not qualify as an 'aggrieved' consumer under N.J.S.A. 56:12-17 because he was not injured or even unhappy. The Act does not define the term 'aggrieved,' but logically it would refer to one suffering the effect of a violation of the Act."); *Baker v. Inter Nat'l Bank*, No. 1:08-cv-5668, 2012 WL 174956, at *9–10 (D.N.J. Jan. 19, 2012) (plaintiff lacked standing to sue for TCCWNA violation because he was not an "aggrieved" consumer); *Barbarino v. Paramus Ford, Inc.*, Nos. BER-L-2856-15, BER-L-L3010-15, 2015 WL 5475928 (N.J. Super. Ct. Jan. 1, 2015) (rejecting interpretation of TCCWNA which "would permit Plaintiffs and the putative

class to reap a windfall in the form of civil penalties despite suffering no harm or deprivation of rights").

      **B.**     **Canons of Statutory Construction Reinforce the Conclusion That Deception or Harm is Required to Confer Statutory Standing under TCCWNA**

      Widely-accepted cannons of statutory construction reinforce the conclusion that Section 17 only permits consumers who actually have been deceived or otherwise harmed by a TCCWNA violation to bring a civil cause of action.  As a general rule, statutory provisions should be read "to avoid interpretations that would render any phrase superfluous." *United States v. Cooper*, 396 F.3d 308, 312 (3d Cir. 2005); *Dressler v. Lime Energy*, No. 3:14-cv-07060 FL, 2015 WL 4773326, at *9 (D.N.J. Aug. 13, 2015) ("[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (Wolfson, J.) (citing *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)).  In drafting TCCWNA, the New Jersey Legislature distinguished between a "consumer," defined in Section 15 as "an individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes," and an "aggrieved consumer" that can seek statutory penalties under Section 17.  *Compare* N.J.S.A. 56:12-15 *with* N.J.S.A. 56:12-17.  Interpreting these provisions to confer statutory standing to consumers based on a violation of TCCWNA's provisions alone would render the "aggrieved" language in Section 17 superfluous.

      Further, New Jersey courts "ascribe to the statutory words their ordinary meaning and significance, and read them in context with related provisions so as to give sense to the legislation as a whole." *DiProspero v. Penn*, 183 N.J. 477, 492 (2005) (internal citations omitted); *Shelton*, 214 N.J. at 428–29 (2013) ("Our starting point is the plain language of the statute to which we accord the ordinary meaning of the words used by the Legislature."); *see*

*also* N.J.S.A. 1:1-1 (providing that "words and phrases" in New Jersey statutes "shall be read and construed with their context").  Black's Law Dictionary defines an "aggrieved party" as "[a] party entitled to a remedy; [especially] a party whose personal, pecuniary, or property rights have been adversely affected by another person's actions."  And in other contexts, New Jersey courts have held that an individual is "aggrieved" when her personal or pecuniary interests or property rights have been injuriously affected. *See e.g., Ex parte Van Winkle*, 3 N.J. 348, 361 (1950) (citation omitted); *Kessler Inst. for Rehab., Inc. v. Mayor & Council of Borough of Essex Fells*, 876 F. Supp. 641, 652 (D.N.J. 1995); *Farrell v. Toys R' Us*, No. A-3124-10T2, 2012 WL 4069515, at *9 (N.J. Super. Ct. Sept. 18, 2012).  Accordingly, this canon also leads to the conclusion that an "aggrieved consumer" entitled to statutory remedies under Section 17, as compared to a "consumer" protected by the provisions of Section 15, is one who has experienced some form of injury or harm.

### C.    Plaintiff Fails to Allege Any Injury or Harm As A Result of Supercell's Terms of Service

Plaintiff fails to allege any facts demonstrating that he has suffered harm as a result of the language contained in Supercell's Terms of Service.  Plaintiff makes no attempt to allege that he was deceived or misled, that the Clash of Clans application or his in-application purchases were defective or dissatisfactory, or that he had a claim against Supercell that implicated the provision complained of in the Complaint.  Most notable is the absence of any allegation that he even read or accessed Supercell's Terms of Service.  Instead, Plaintiff merely alleges that (1) he "signified his consent" by selecting the "OK" button when presented with a screen stating "Tap OK to accept our Terms and Privacy Policy," and (2) that at the time he created a Supercell account and made purchases through the mobile application that Supercell's Terms of Service "contained the unlawful provisions complained of throughout [the] Complaint."  Compl. at ¶¶ 19, 41.

As discussed above, TCCWNA was enacted to deter deceptive practices that harm consumers, not provide a windfall to individuals based on terms in an agreement that consumers never relied on or even read. Plaintiff is not aggrieved merely because he "signified consent" to Terms of Service that he never viewed or attempted to invoke. Instead, he must have actually suffered an adverse effect in order to seek statutory damages under TCCWNA's protections. Accordingly, Plaintiff's claim should be dismissed for failure to state a claim.

## III.   PLAINTIFF HAS NOT ALLEGED INJURY SUFFICIENT TO MEET ARTICLE III'S CONSTITUTIONAL STANDING REQUIREMENTS

Plaintiff's complaint should be dismissed for the further, independent reason that his lack of injury prevents him from being able to establish constitutional standing under Article III. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543 (2016). To meet the "irreducible constitutional minimum" of Article III standing, Plaintiff bears the burden of establishing the following three requirements: (1) that he has suffered an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 589 (1992) (citation and internal quotation marks omitted). Where a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975).

Injury-in-fact is the "first and foremost" of Article III's standing requirements. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). To establish injury-in-fact, Plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 405 U.S. at 560 (internal citations omitted). For an injury to be "particularized," it must affect the plaintiff in a personal and individual way. *Id.* "A concrete' injury must be 'de facto'; that is, it must actually exist."

*Spokeo*, 136 S. Ct. at 1549 (citing Black's Law Dictionary 479 (9th ed. 2009)).

Plaintiff's allegations are deficient under Article III's "first and foremost" requirement for two independent reasons.  First, Plaintiff fails to assert any facts demonstrating that Supercell's purported violation of TCCWNA has injured him in a "personal or individual way." Instead, he simply alleges that at the time that he created a Supercell account and made purchases through the mobile application, that Supercell's Terms of Service contained allegedly unlawful provisions.  Second, and as discussed further below, the law is clear that bare procedural violations are not "concrete," and accordingly do not amount to injury-in-fact. Therefore, Plaintiff's claim must be dismissed.

### A.    Mere Statutory Violations Do Not Amount to Injury-In-Fact for Constitutional Standing

The Supreme Court recently confirmed that an alleged statutory violation, absent allegations that such a violation caused a plaintiff actual harm, is insufficiently "concrete" to give rise to injury-in-fact.  *Spokeo*, 136 S. Ct. at 1549 ("Article III standing requires a concrete injury even in the context of a statutory violation.") (internal citation omitted).  As the Court explained, a Plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  *Id.*  In discussing the plaintiff's failure to allege injury-in-fact in connection with his claim under the Fair Credit Reporting Act, the Court reasoned:

> [E]ven if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

*Spokeo*, 136 S. Ct. at 1550.  Post-*Spokeo*, federal courts have dismissed claims for lack of

constitutional standing where the only injury pleaded is a bare statutory violation. *See, e.g., Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 530 (5th Cir. 2016) (affirming dismissal of ERISA claim); *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 931 (8th Cir. 2016) (affirming dismissal of claim under Cable Communications Policy Act); *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998 (11th Cir. 2016) (affirming dismissal of claims where plaintiff did not allege that defendant's violation of New York law "caused or could cause him harm"); *Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 515 (D.C. Cir. 2016) (affirming dismissal of claims under District of Columbia consumer protection laws); *Kamal v. J. Crew Grp., Inc.*, No. 2:15-0190 (WJM), 2016 WL 6133827 (D.N.J. Oct. 20, 2016) (dismissing plaintiff's claim under *Spokeo* where technical violation of FCRA did not cause him any harm).

Consistent with this principle, federal courts both within and outside of this District have held that a plaintiff cannot satisfy Article III's injury-in-fact requirement by pleading a mere technical violation of TCCWNA's requirements.  For example, in *Hecht v. Hertz Corp.*, No. 2:16-cv-01485 (WJM), 2016 WL 6139911 (D.N.J. Oct. 20, 2016) the court found that the plaintiff's TCCWNA claim was "on all fours" with the alleged FCPA violation at issue in *Spokeo*. *Id.* at *3.  In particular, the plaintiff had set forth a bare statutory violation but failed to assert "a single concrete harm resulting from these violations." *Id.* As a result, the court found that the plaintiff's complaint presented the quintessential "bare procedural harm, divorced from any concrete harm," which cannot "satisfy the injury-in-fact requirement of Article III," and dismissed the plaintiff's TCCWNA claim for lack of standing.  *Id.* at *4.

The court in *Russell v. Croscill Home, LCC* also recognized a similarity between the FCRA's civil remedies provision and Section 17 of TCCWNA. Civ. No. 16-1190 (PGS) (Transcript at 8).  In holding that the plaintiff lacked constitutional standing, it noted that "[t]he

plaintiff merely alleges a statutory right to $100 per violation under the *Spokeo* rationale. Congress and in this case the state legislature cannot through statute abrogate the standing requirements of Article III." *Id.*   Similarly, in *Candelario v. Rip Curl, Inc.*, the District Court for the Southern District of California dismissed a TCCWNA claim after it determined that the plaintiff failed to allege in her complaint that she was harmed by her purchase from the defendant or that the terms and conditions that purportedly violated TCCWNA prevented her from bringing a claim against the defendant.  Civ. No. 8:16-00963-CJC(AGRx) (C.D. Cal Sept. 7, 2016) ("[Plaintiff's] only connection to the Terms and Conditions appears to be her decision to read them.  These allegations are insufficient to show a concrete and particularized injury.").[6]

Like the plaintiff in *Spokeo*, here Plaintiff alleges nothing more than a bare procedural violation of TCCWNA.  He does not allege that this purported statutory violation caused him to be deceived or otherwise suffer any harm.  *See* Section IV.A.3.  Even assuming Supercell's terms did violate TCCWNA (which they do not) such a violation could not plausibly cause harm or present a material risk of harm where, as here, a plaintiff never read them.  Absent any allegations that a violation of TCCWNA's provisions caused Plaintiff harm, that statutory violation alone is insufficient to give rise to an injury-in-fact as is required under Article III.

---

[6] A copy of the Order of Decision in *Candelario v. Rip Curl, Inc.*, Civ. No. 8:16-00963-CJC(AGRx) (C.D. Cal. Sept. 7, 2016) is attached to the Greenbaum Cert. as Exhibit C.

**CONCLUSION**

For the foregoing reasons, Supercell respectfully requests that this Court dismiss this case for failure to state a claim or for lack of subject-matter jurisdiction.

Respectfully submitted,

**SILLS CUMMIS & GROSS P.C.**

By:  /s/ Jeffrey J. Greenbaum
        Jeffrey J. Greenbaum
        Charles J. Falletta
        One Riverfront Plaza
        Newark, NJ 07102-5400
        Telephone: (973) 643-7000
        Facsimile: (973) 643-6500

        Jennifer L. Kelly (pro hac application pending)
        Tyler Newby (pro hac application pending)
        **FENWICK & WEST LLP**
        555 California Street, 12th Floor
        San Francisco, CA  94104
        Telephone:        415.875.2300
        Facsimile:415.281.1350

        *Attorneys for Defendant*
        SUPERCELL OY

Dated: December 2, 2016

16