Stefan Coleman (Attorney No. 029662010)
stefan@stefancolemanlaw.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Avenue
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

*Attorney for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff,*<br><br>   *v.*<br><br>SUPERCELL OY, a Finnish limited company,<br><br>   *Defendant*. | Case No. 3:16-cv-08440<br><br>Hon. Freda L. Wolfson<br><br><br>**Motion Day:**<br>**Monday, January 16, 2017**<br><br><br>**Oral Argument Requested** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

i

# **TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................ 1

**ARGUMENT** ........................................................................................................ 2

**I.      This Case Should be Remanded to State Court** .......................................... 2

**II.     Supercell's Motion to Dismiss Should be Denied as Moot** ........................ 5

**III.    Plaintiff Should be Awarded his Fees Incurred as a Result of the Improper Removal** ................................................................................... 7

**CONCLUSION** .................................................................................................. 11

# TABLE OF AUTHORITIES

**United States Supreme Court Cases:**

*Caterpillar Inc. v. Williams*,
    482 U.S. 386 (1987) ................................................................................................. 3

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*,
    500 U.S. 72 (1991) ................................................................................................... 7

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) ....................................................................................... 8, 9, 10

*Spokeo, Inc. v. Robins*,
    — U.S. — , 136 S. Ct. 1540 (2016) ........................................................................ 2

**United States Courts of Appeals Cases:**

*Abels v. State Farm Fire & Cas. Co.*,
    770 F.2d 26 (3d Cir. 1985) ....................................................................................... 4

*Abulkhair v. Liberty Mut. Ins. Co.*,
    379 F. App'x 130 (3d Cir. 2010) ............................................................................. 6

*Batoff v. State Farm Ins. Co.*,
    977 F.2d 848 (3d Cir. 1992) ..................................................................................... 6

*Boyer v. Snap–On Tools Corp.*,
    913 F.2d 108 (3d Cir.1990) ..................................................................................... 4

*Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.*,
    999 F.2d 745 (3d Cir. 1993) ..................................................................................... 5

*Bromwell v. Michigan Mut. Ins. Co.*,
    115 F.3d 208 (3d Cir. 1997) .................................................................................. 6, 7

*Brown v. Jevic*,
    575 F.3d 322 (3d Cir. 2009) ..................................................................................... 4

*Hammer v. Scott*,
    137 F. App'x 472 (3d Cir. 2005) ................................................................... 10

*Mints v. Educ. Testing Serv.*,
    99 F.3d 1253 (3d Cir. 1996) .................................................................... 9, 10

*S. Annville Twp. v. Kovarik*,
    651 F. App'x 127 (3d Cir. 2016) ................................................................... 9

*Steel Valley Auth. v. Union Switch & Signal Div.*,
    809 F.2d 1006 (3d Cir. 1987) ....................................................................... 4

*Wheeler v. Travelers Ins. Co.*,
    22 F.3d 534 (3d Cir. 1994) ........................................................................ 4, 5

**United States District Court Cases:**

*Black v. Main St. Acquisition Corp.*,
    No. 5:11-CV-0577, 2013 WL 1295854 (N.D.N.Y. Mar. 27, 2013) ............... 5

*Cont'l Cas. Co. v. S. Co.*,
    284 F. Supp. 2d 1118 (N.D. Ill. 2003) ....................................................... 3, 7

*Doe ex rel. Hughes v. Martinez*,
    674 F. Supp. 2d 1282 (D.N.M. 2009) ......................................................... 11

*Envtl. Research Ctr. v. Heartland Prods.*,
    29 F. Supp. 3d 1281 (C.D. Cal. 2014) .......................................................... 4

*Espinosa v. Cont'l Airlines*,
    80 F. Supp. 2d 297, 306 (D.N.J. 2000) ....................................................... 10

*Giordano v. Wachovia Securitites, LLC*,
    No. 06-476, 2006 WL 2177036 (D.N.J. July 31, 2006) ..................... 3, 5, 6, 7

*Macon Cnty., Ill. v. Merscorp, Inc.*,
    968 F. Supp. 2d 959 (C.D. Ill. 2013) ............................................................ 3

*Mocek v. Allsaints USA Ltd.*,
    No. 16 C 8484, 2016 WL 7116590 (N.D. Ill. Dec. 7, 2016) ............. 3, 4, 5, 9

*Racher v. GMAC Mortg. Corp. of Pa.*,
   No. CIV. 95-4588, 1996 WL 276351 (D.N.J. May 8, 1996) .......................... 3

*Russell v. Croscill Home, LLC*,
   No. 16-1190 (D.N.J. Oct. 11, 2016) ............................................................ 2

**State Court Cases:**

*Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y.*,
   58 N.J. 98 (1971) ........................................................................................ 7

*New Jersey Citizen Action v. Riviera Motel Corp.*,
   296 N.J. Super. 402 (App. Div. 1997) .......................................................... 7

**Rules and Statutes:**

28 U.S.C. § 1441 ............................................................................................... 3

28 U.S.C. § 1447 ........................................................................... 4, 5, 8, 9, 11

28 U.S.C. § 1927 ...................................................................................... 10, 11

Truth-in-Consumer Contract, Warranty, and Notice Act,
   N.J.S.A. § 56:12-14, *et seq.* ....................................................................... 2

**Miscellaneous Authorities:**

14C Charles A. Wright *et al.*,
   Federal Practice & Procedure § 3739 (4th ed.) ............................................ 6

## INTRODUCTION

Plaintiff Alan Brahamsha originally filed this case in the Superior Court of New Jersey, Monmouth Vicinage. Defendant Supercell Oy ("Supercell") removed it to this Court. But despite affirmatively invoking this Court's federal jurisdiction by removing the case, Supercell subsequently moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. As the removing party, Supercell has the burden of establishing that this case could have originally been brought in this Court. By now asserting that the Court lacks jurisdiction, not only has Supercell failed to meet that burden, it has completely abdicated it. Consequently, and as explained more fully below, this matter should be remanded to the New Jersey state court in which it was originally filed, and Supercell's motion to dismiss should be denied as moot. In addition, in light of its position that this Court lacks jurisdiction, Supercell had no reasonable basis for removing this case and, by doing so, unnecessarily multiplied the proceedings. Mr. Brahamsha should therefore be awarded the attorneys' fees he incurred as a result of the improper removal.[1]

---

[1] Moving counsel attempted to determine whether there was an objection to this motion by informing counsel for Supercell on Monday, December 5th of plaintiff's intent to file the motion and the nature of the relief sought. Supercell disputed that Mr. Brahamsha is entitled to the relief he seeks in the motion and expressed its position that it would oppose the motion.

# ARGUMENT

## I. THIS CASE SHOULD BE REMANDED TO STATE COURT.

Mr. Brahamsha filed a one-count class action complaint against Supercell in New Jersey state court under the Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. §§ 56:12–14, *et seq*. He alleges that Supercell's Terms of Service violate TCCWNA by containing provisions that: (i) contravene the clearly established legal rights of consumers—including limiting the legal right of consumers to seek redress for intentional harms; and (ii) state in a general, non-particularized fashion that these provisions are void, inapplicable or unenforceable in some jurisdictions without specifying which provisions are void, inapplicable or unenforceable in New Jersey. (Dkt. 1, Ex. A at 10–11.) Given TCCWNA is a New Jersey statute and Mr. Brahamsha is a citizen of New Jersey, he filed the action in New Jersey state court. Another reason Mr. Brahamsha chose a state forum was the lack of uniformity in Article III standing jurisprudence in the wake of the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540 (2016). The requirements for Article III standing related to TCCWNA claims in particular are anything but settled. *See, e.g., Russell v. Croscill Home, LLC*, Civ. No. 16-1190 (PGS) (D.N.J. Oct. 11, 2016).

Supercell filed a notice of removal, invoking this Court's CAFA jurisdiction. (Dkt. 1.) Shortly after removing it, however, Supercell moved to dismiss the case,

2

asserting, among other things, that Mr. Brahamsha lacks Article III standing and, as a result, that the Court lacks subject matter jurisdiction. (Dkt. 16.) The positions taken in these two filings are inconsistent because "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441).

Indeed, courts in this District have previously discussed a defendant's motion to dismiss for lack of jurisdiction after removing a case to federal court, calling it "somewhat ironic that defendant, having removed this case in the first instance, now argues that plaintiff lacks standing." *Giordano v. Wachovia Securitites, LLC*, No. 06-476 JBS, 2006 WL 2177036, at *5 n.7 (D.N.J. July 31, 2006) (citing *Racher v. GMAC Mortg. Corp. of Pa.*, No. 95-cv-4588, 1996 WL 276351, at *4 (D.N.J. May 8, 1996). In similar circumstances, courts have called such motions "somewhat confused," *Cont'l Cas. Co. v. S. Co.*, 284 F. Supp. 2d 1118, 1120–21 (N.D. Ill. 2003), and "perplexing." *Macon Cnty., Ill. v. Merscorp, In*c., 968 F. Supp. 2d 959, 964 (C.D. Ill. 2013), *affirmed* 742 F.3d 711 (7th Cir. 2014)). Mr. Brahamsha's counsel, in fact, recently faced an identical situation in which a defendant removed a case to federal court only to disavow jurisdiction there. *See Mocek v. Allsaints USA Ltd.*, No. 16-cv-8484, 2016 WL 7116590, at *2 (N.D. Ill. Dec. 7, 2016) (describing the defendant as "tr[ying] to have it both ways

3

by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal . . . rather than the remand required by § 1447(c).").

A plaintiff's choice to litigate in state court is entitled to respect; "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. dismissed sub nom. American Standard v. Steel Valley Auth.*, 484 U.S. 1021 (1988) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985)). As the removing party, Supercell bears the burden of establishing this Court's jurisdiction. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009); *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). This includes Article III standing. *Brown*, 575 F.3d at 326; *Envtl. Research Ctr. v. Heartland Prods.*, 29 F. Supp. 3d 1281, 1283 (C.D. Cal. 2014). Supercell has completely failed to meet this burden; indeed, it has taken the exact *opposite* position by asserting in its motion to dismiss that Article III standing—and thus federal jurisdiction—is lacking. And when a removing party fails to meet its burden, the case "shall be remanded" back to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 537 (3d Cir. 1994) ("[I]f a

district court finds that a plaintiff in a removed case does not have standing, it will remand the case to the state court."); *Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.*, 999 F.2d 745, 751 (3d Cir. 1993) ("Lack of subject matter jurisdiction does not extinguish a removed state court case; section 1447(c) only requires the district court to remand it to state court."). Facing a similar situation in which a defendant removed to federal court then subsequently moved to dismiss for lack of standing, the court in *Black v. Main St. Acquisition Corp.* "*sua sponte* remanded [the action] to the state court," "[b]ecause no party shoulder[ed] the burden of proving jurisdiction." No. 5:11-CV-0577, 2013 WL 1295854, at *1 (N.D.N.Y. Mar. 27, 2013); *see also Mocek*, 2016 WL 7116590, at *2 (finding "the jurisdictional issue is "easily and readily" resolved based on the parties' post-removal agreement that federal jurisdiction is lacking" and remanding).

## II.   SUPERCELL'S MOTION TO DISMISS SHOULD BE DENIED AS MOOT.

Concurrently with remanding this case back to state court, the Court should deny Supercell's motion to dismiss as moot. With respect to its argument that this case should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of standing, remand, rather than dismissal, is the only proper course of action. *Giordano*, 2006 WL 2177036, at *5 ("Ordering a remand in this case is not a discretionary decision on the part of this Court but is mandatory . . . .") (citing 28 U.S.C. § 1447(c)). And while Supercell also moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to

5

state a claim, this Court cannot issue a ruling on the merits given that removal was improper because of Supercell's failure to establish federal jurisdiction. *See Abulkhair v. Liberty Mut. Ins. Co.*, 379 F. App'x 130, 132 (3d Cir. 2010) (reversing district court's dismissal of complaint with prejudice and requiring "the District Court [to] enter an order under 28 U.S.C. § 1447(c) remanding the matter to state court for lack of subject matter jurisdiction"); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (finding "[t]he district court erred in converting its jurisdictional inquiry into a motion to dismiss" and remanding to state court); *Giordano*, 2006 WL 2177036, at *5 n.6 (noting the court "need not discuss the other arguments raised . . . in its motion to dismiss" as they were moot once the court determined plaintiff lacked standing and remanding to state court).

Supercell may argue that—despite § 1447(c)'s mandatory "shall be remanded" language—dismissal, rather than remand, is nevertheless appropriate under a so-called "futility exception." *See* 14C Charles A. Wright *et al.*, Federal Practice & Procedure § 3739 (4th ed.). This "exception" purportedly "allows a district court to dismiss an action rather than remand it to the state court when remand would be futile because the state court also would lack jurisdiction over the matter." *Id*. (internal quotations omitted). Any such argument by Supercell, however, would itself be futile, because both the Supreme Court and the Third Circuit have expressly rejected any futility exception to § 1447(c). *See Bromwell v.*

6

*Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997) ("In light of the express language of § 1447(c) and the Supreme Court's reasoning in *International Primate*, we hold that when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility.") (citing *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991)).[2]

### III.   PLAINTIFF SHOULD BE AWARDED HIS FEES INCURRED AS A RESULT OF THE IMPROPER REMOVAL.

As noted above, one court has charitably described moving to dismiss for lack of subject matter jurisdiction a case that the moving party removed to federal court as "somewhat confused," *Cont'l Cas. Co.*, 284 F. Supp. 2d at 1120, and another described it as "somewhat ironic." *See Giordano*, 2006 WL 2177036, at *5 n.7. In truth, however, such conduct is outrageous. Supercell invoked this Court's federal jurisdiction by removing this case from state court, and then immediately disavowed that jurisdiction in its motion to dismiss. Supercell is simultaneously taking two diametrically opposed positions and has no good faith basis for doing so. Nothing occurred in the time between its filing of the notice of removal and its

---

[2]   Regardless, even if there were such an exception, this Court could not rule that the Superior Court, Monmouth Vicinage, lacks jurisdiction over this case. New Jersey has its own body of case law it relies on to determine standing. In fact, "New Jersey cases have historically taken a much more liberal approach on the issue of standing than have the federal cases." *Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y.*, 58 N.J. 98, 101(1971); *see also New Jersey Citizen Action v. Riviera Motel Corp.*, 296 N.J. Super. 402, 415 (App. Div. 1997) ("New Jersey courts take a broad and liberal approach to standing.").

7

filing of the motion to dismiss that could justify such a radical change in position. And, indeed, prior to filing this motion, Plaintiff's counsel explained their reasoning behind seeking remand, to which defense counsel stated that Supercell would oppose any such motion.³ (*See* Richman Decl. ¶ 6.) Plaintiff's counsel also informed defense counsel that they would seek fees and costs in obtaining remand pursuant to 28 U.S.C. § 1447(c). (*Id*.) Supercell nevertheless is pressing ahead, wasting valuable time and resources of both the parties and this Court, all to get this case back to exactly where it started. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."). Mr. Brahamsha had hoped to avoid a costly and time-consuming fight over federal jurisdiction by simply filing in state court to begin with. Supercell's persistence regarding the removal of this case has caused expense and delay, all of it unnecessary given that Supercell doesn't want this case in federal court either.

Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court's decision on fees and costs should be "faithful to the purposes of awarding fees under § 1447(c)," which include "reduc[ing] the

---

³   The declaration of Benjamin H. Richman ("Richman Decl.") is attached to the Notice of Motion at Dkt. 29-2.

8

attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin*, 546 U.S. at 140–41 (internal quotations omitted). And while "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," *id.* at 141, Supercell's removal of this case was not objectively reasonable in light of its complete disavowal of federal jurisdiction. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) ("[A] district court may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith."). As the court in *Mocek* explained when awarding fees:

> [I]t should have been obvious to defendant, based on well-settled law, that with no party asking for the merits of plaintiff's claim to be decided in federal court, and both sides arguing against federal jurisdiction, the only possible outcome was for the case to end up right back where it started: in state court. Under these circumstances, I have no trouble concluding that defendant lacked an objectively reasonable basis for seeking removal.

2016 WL 7116590, at *3. *See also S. Annville Twp. v. Kovarik*, 651 F. App'x 127, 132 (3d Cir. 2016), *cert. denied sub nom. Kovarikova v. S. Annville Twp., Lebanon Cty. Auth.* (U.S. Dec. 5, 2016) (approving plaintiff's request for fees and costs when "the federal jurisdiction litigation was in response to [defendant's] own improper removal and that [defendant] also could have avoided the jurisdiction litigation by not undertaking an improper removal").

9

Awarding Mr. Brahamsha his fees related to the removal is appropriate here. As the Supreme Court has explained, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin*, 546 U.S. at 140. Consequently, awards of fees and costs under § 1447(c) for improper removal have repeatedly been awarded and upheld in this Circuit. *See, e.g., Hammer v. Scott*, 137 F. App'x 472, 474 (3d Cir. 2005) (upholding award of fees and costs for improper removal despite "no evidence of bad faith and that the Defendants' decision to remove was reasonable"); *Mints*, 99 F.3d at 1261 (upholding award of fees and costs when "the assertion in the removal petition that the district court had jurisdiction was, if not frivolous, at best insubstantial"); *Espinosa v. Cont'l Airlines*, 80 F. Supp. 2d 297, 306 (D.N.J. 2000) (awarding fees and costs when removing party failed to "present a colorable claim of jurisdiction").

Furthermore, this unnecessary detour to federal court, which unreasonably and vexatiously multiplied the proceedings in this case, was presumably designed—and at the very least facilitated—by Supercell's counsel, thus warranting the recovery of Mr. Brahamsha's fees from defense counsel as well. 28 U.S.C. § 1927 ("Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *see also Doe ex rel. Hughes v. Martinez*, 674 F. Supp. 2d 1282 (D.N.M. 2009) (awarding fees and costs under § 1927 against removing attorney where he was informed by opposing counsel prior to removal that proposed course of action was improper).

Thus far, Mr. Brahamsha has incurred $8,968.10 in attorneys' fees (and such fees continue to accrue) as a result of Supercell's improper removal of this case. (Richman Decl. ¶¶ 7-10.) Sections 1447(c) and 1927 both provide for the recovery of attorneys' fees resulting from Supercell's and its counsel's jurisdictional shell game, and this Court should not hesitate to award such relief to Mr. Brahamsha.

## IV. CONCLUSION

For the reasons discussed above, this Court should enter an order (1) remanding this case to the Superior Court of New Jersey, Monmouth Vicinage; (2) denying defendant's Motion to Dismiss as moot; (3) awarding plaintiff the fees incurred as a result of defendant's and its counsel's improper removal; and (4) granting such further relief as this Court deems just and proper.

                                                Respectfully submitted,

                                                **ALAN BRAHAMSHA**, individually and on behalf of all others similarly situated,

Dated: December 15, 2016            By: s/ Stefan Coleman
                                                    One of Plaintiff's attorneys

Stefan Coleman (Attorney No. 029662010)
stefan@stefancolemanlaw.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Avenue
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Courtney C. Booth (Admitted *Pro Hac Vice*)
cbooth@edelson.com
Jacob B. Wright (Admitted *Pro Hac Vice*)
jwright@edelson.com
Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378