Stefan Coleman (Attorney No. 029662010)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Avenue
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

*Attorney for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated, | Case No. 3:16-cv-08440 |
| *Plaintiff,* | Hon. Freda L. Wolfson |
| *v.* | **Motion Day:** |
| SUPERCELL OY, a Finnish limited company, | **Tuesday, January 17, 2017** |
| *Defendant*. | **Oral Argument Requested** |

### PLAINTIFF'S RESPONSE IN OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION** ............................................................................................... 1

**ARGUMENT** .................................................................................................... 1

**CONCLUSION** ................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**UNITED STATES SUPREME COURT**

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ...................................................................... 2

*Snap-On Tools Corp. v. Boyer*,
   498 U.S. 1085 (1991) .................................................................... 2

*Spokeo v. Robins*,
   136 S. Ct. 1540 (2016) .................................................................. 7

**UNITED STATES CIRCUIT COURTS OF APPEALS**

*Boyer v. Snap-On Tools Corp.*,
   913 F.2d 108 (3d Cir. 1990) .......................................................... 2

*Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*,
   999 F.2d 745 (3d Cir. 1993) .......................................................... 5

*Brown v. Jevic*,
   575 F.3d 322 (3d Cir. 2009) .......................................................... 2

*Macon Cnty., Ill. v. Merscorp, Inc.*,
   742 F.3d 711 (7th Cir. 2014) ......................................................... 2

*Packard v. Provident Nat. Bank*,
   994 F.2d 1039 (3d Cir. 1993) .................................................... 2–3

**UNITED STATES DISTRICT COURT**

*Barrows v. Chase Manhattan Mortg. Corp.*,
   465 F. Supp. 2d 347 (D.N.J. 2006) ................................................ 7

*Black v. Main St. Acquisition Corp.*,
   No. 11-cv-0577, 2013 WL 1295854 (N.D.N.Y. Mar. 27, 2013) ............... 4, 5

*Cont'l Cas. Co. v. S. Co.*,
   284 F. Supp. 2d 1118 (N.D. Ill. 2003) ............................................ 2

*Giordano v. Wachovia Securities, LLC,*
   No. 06-cv-476, 2006 WL 2177036 (D.N.J. 2006).....................................2, 5

*Kalick v. U.S.,*
   35 F. Supp. 3d 639 (D.N.J. 2014)............................................................5–6

*Macon Cnty., Ill. v. Merscorp, Inc.,*
   968 F. Supp. 2d 959 (C.D. Ill. 2013)......................................................1–2

*Martinez-Santiago v. Public Storage,*
   38 F. Supp. 3d 500 (D.N.J. 2014)...........................................................6–7

*Mocek v. AllSaints USA Ltd.,*
   No. 16-cv-8484, 2016 WL 7116590 (N.D. Ill. Dec. 7, 2016) ...............3, 4, 5

*Mortensen v. First Federal Sav. & Loan Ass'n,*
   549 F.2d 884 (3d Cir. 1977) ...................................................................6

*Racher v. GMAC Mortg. Corp. of Pa.,*
   1996 U.S. Dist. LEXIS 7187 (D.N.J. May 9. 1996).....................................2

*Truglio v. Planet Fitness, Inc.,*
   No. 15-cv-7959 (FLW) (LHG), 2016 WL 4084030 (D.N.J. July 28, 2010)..6

**NEW JERSEY SUPREME COURT**

*Stelluti v. Casapenn Enters., LLC.,*
   203 N.J. 286 (2010) ...............................................................................6

**MISCELLANEOUS**

28 U.S.C. § 1332........................................................................................2

28 U.S.C. § 1447........................................................................................3

Fed. R. Civ. P. 12......................................................................................1

N.J.S.A. § 56:12-14 ...................................................................................1

N.J.S.A. § 56:12-17 ...................................................................................6

## INTRODUCTION

Defendant Supercell Oy ("Supercell") has moved to dismiss Plaintiff Alan Brahamsha's complaint under Fed. R. Civ. P. 12(b)(1) for lack of federal jurisdiction (based on a purported lack of Article III standing), and Fed. R. Civ. P. 12(b)(6) for failure to state a claim under New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. § 56:12-14 ("TCCWNA"). As explained in Mr. Brahamsha's Motion for Remand (dkt. 29-1 at 5-7), the Motion to Dismiss should be denied as moot. While both parties agree (albeit for different reasons) that federal jurisdiction is lacking over this case, dismissal is not an option. Because the case was removed from state court, the only remedy for lack of jurisdiction is remand.

## ARGUMENT

Mr. Brahamsha, a New Jersey resident alleging a violation of a New Jersey statute on behalf of a class of New Jersey consumers, originally filed this action in New Jersey state court. On November 11, 2016, Supercell removed it to this Court, asserting that federal jurisdiction existed over the matter. (Dkt. 1.) On December 2, 2016, however—less than one month later—Supercell took the exact opposite position and moved to dismiss for lack of subject matter jurisdiction. (Dkt. 16.) Other courts have called this course of action—removing a case to federal court and then filing a motion to dismiss for lack of jurisdiction—"perplexing," *Macon*

*Cnty., Ill. v. Merscorp, Inc.*, 968 F. Supp. 2d 959, 964 (C.D. Ill. 2013), *aff'd*, 742 F.3d 711 (7th Cir. 2014), "somewhat confused," *Cont'l Cas. Co. v. S. Co.*, 284 F. Supp. 2d 1118, 1120 (N.D. Ill. 2003), and "ironic," *Giordano v. Wachovia Securities, LLC*, No. 06-cv-476, 2016 WL 2177036, at *5 n.7 (D.N.J. 2006) (citing *Racher v. GMAC Mortg. Corp. of Pa.*, 1996 U.S. Dist. LEXIS 7187, at *11 (D.N.J. May 9. 1996)).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction" and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Thus, as the party removing this action to federal court, it is Supercell who bears this burden. (*See* dkt. 29-1 at 4 (citing *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991)).) While Supercell asserts that it only had to show in its notice of removal that removal was proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and that Mr. Brahamsha now bears the burden of establishing the Court's jurisdiction, (dkt. 32 at 2), that is patently untrue. In an action removed from state court, "[t]he removing party—in this case, [Supercell]—carries a heavy burden of showing that at *all* stages of the litigation the case is properly before the federal court." *Brown*, 575 F.3d at 326 (emphasis added); *see also Packard v. Provident*

*Nat. Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) ("The person asserting jurisdiction

bears the burden of showing that the case is properly before the court at all stages

of the litigation.").

By arguing that Plaintiff does not have Article III standing, Defendant has

failed to meet its burden of rebutting the presumption against federal jurisdiction,

and for that reason, federal jurisdiction is lacking. And where federal jurisdiction is

lacking over a case removed from state court, the law is clear: "the case shall be

remanded." 28 U.S.C. § 1447(c). As another federal court facing an identical

situation held,

> [D]efendant tried to have it both ways by asserting, then immediately
> disavowing, federal jurisdiction, apparently in hopes of achieving
> outright dismissal, with prejudice, rather than the remand required by
> § 1447(c). As noted above, no court has afforded that relief under
> similar circumstances, and defendant's own authority confirms that
> remand is 'mandatory.'

*Mocek v. AllSaints USA Ltd.*, No. 16-cv-8484, 2016 WL 7116590, at *3 (N.D. Ill.

Dec. 7, 2016). The court in *Mocek* thus remanded the case to state court, denying

the defendant's motion to dismiss as moot and awarding the plaintiff her attorneys'

fees and costs incurred as a result. *Id*. at *4.

Supercell tries to distinguish *Mocek* by asserting that in that case, the

plaintiff had conceded a lack of Article III injury, while Mr. Brahamsha here does

not. (Dkt. 32 at 1.) But Supercell misreads *Mocek*. The parties in *Mocek* did not

agree that Article III injury was lacking, but they were in "agreement that *federal*

*jurisdiction* [was] lacking." 2016 WL 7116590, at *2 (emphasis added). So too is the situation here. While Supercell believes that federal jurisdiction is lacking because Mr. Brahamsha lacks an Article III injury, Mr. Brahamsha takes no position on whether he has Article III standing—he doesn't have to, he filed in state court. Nevertheless, Mr. Brahamsha agrees that federal jurisdiction is lacking because Supercell has not met its burden of rebutting the presumption against it. Agreeing that federal jurisdiction is lacking but disagreeing as to the reason why is precisely what happened in *Mocek*. *Id*. at *1 (explaining that removing defendant believed federal jurisdiction was lacking because there was no Article III standing while plaintiff believed federal jurisdiction was lacking because removing defendant failed to meet its burden of establishing it). *Mocek* is directly on point.

A federal court in New York also faced a situation like the one here and in *Mocek*, where no party argued in support of jurisdiction over a removed case. The court there too ordered that the case be remanded and denied a summary judgment motion as moot:

> In this case, Defendants filed the Notice of removal and therefore initially asserted that the Court had jurisdiction. Defendants therefore bear the burden of proving the Court's jurisdiction. However, instead of offering proof of the Court's jurisdiction, Defendants insist that the Court *lacks* jurisdiction, and Plaintiff concurs. Therefore, because no party shoulders the burden of proving jurisdiction, the Court finds that it lacks subject-matter jurisdiction to hear this case. Accordingly, this action is *sua sponte* remanded to the state court pursuant to 28 U.S.C. § 1447(c).

*Black v. Main St. Acquisition Corp.*, No. 11-cv-0577, 2013 WL 1295854, at \*1
(N.D.N.Y. Mar. 27, 2013) (emphasis in original, internal citations omitted). As in
*Mocek* and *Black*, no party here is "shouldering the burden" of establishing federal
jurisdiction, and this Court therefore lacks it.

The proper way to dispose of Supercell's Motion to Dismiss, then, is to deny
it as moot. *See, e.g., Mocek*, 2016 WL 7116590, at \*4; *Black*, 2013 WL 1295854,
at \*2. If, as all parties agree, this Court lacks jurisdiction over this matter,
remand—not dismissal—is the only appropriate relief that can be awarded, and
this Court cannot address the merits of Supercell's motion. *See Bradgate Assocs.,
Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 751 (3d Cir. 1993) ("Lack of
subject matter jurisdiction does not extinguish a removed state court case; section
1447(c) only requires the district court to remand it to state court."); *Giordano*,
2006 WL 2177036, at \*5 ("Ordering a remand in this case is not a discretionary
decision on the part of this Court but is mandatory under 28 U.S.C. § 1447(c) even
if remanding the case to state court may be futile.").

For the sake of completeness, Mr. Brahamsha makes one final point: If—
despite Supercell's 12(b)(1) motion and Mr. Brahamsha's Motion for Remand—
this Court *sua sponte* holds that it has federal jurisdiction, it can go on to address
Supercell's 12(b)(6) argument that Mr. Brahamsha fails to state a claim under
TCCWNA because he is not "aggrieved." *See Kalick v. U.S.*, 35 F. Supp. 3d 639,

645 (D.N.J. 2014) ("When a court is faced with 12(b)(1) and 12(b)(6) motions to dismiss, as a general rule, the proper procedure is to consider dismissal on the jurisdictional ground first, 'for the obvious reason that if the court lacks jurisdiction to hear the case then a fortiori it lacks jurisdiction to rule on the merits.'") (quoting *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 895 n.22 (3d Cir. 1977)). But regardless of whether he has Article III standing, Mr. Brahamsha has statutory standing under TCCWNA, which requires that a defendant simply violate the act. N.J.S.A. § 56:12-17; *see also Truglio v. Planet Fitness, Inc.*, No. 15-cv-7959 (FLW) (LHG), 2016 WL 4084030, at *8 (D.N.J. July 28, 2010) (recognizing Section 15 of TCCWNA "establishes liability whenever a seller offers a consumer a contract, the provisions of which violate any legal right of a consumer."). Here, Mr. Brahamsha has alleged that Defendant's terms of service, *inter alia*, improperly (i) limit the legal rights of consumers to seek redress (e.g., for intentional or reckless harms) in violation of Section 15, *see Stelluti v. Casapenn Enters., LLC.*, 203 N.J. 286, 303 (2010) ("[a]n agreement containing a pre-injury release from liability for intentional or reckless conduct . . . is plainly inconsistent with public policy."), and (ii) state in a general, non-particularized fashion that its terms are void, inapplicable, or unenforceable in some jurisdictions without specifying their applicability in New Jersey in violation of Section 16, *see Martinez-Santiago v. Public Storage,* 38 F. Supp. 3d 500, 511 (D.N.J. 2014)

(finding a plaintiff stated a cause of action because "[i]f N.J.S.A. 56:12–16 means anything, it must mean that the lease agreement needs to specify which provisions are unenforceable under New Jersey law."). (*See* Dkt. 1-1 at ¶¶ 25–35, 54–57.)  No more is required.

Furthermore, this Court can only address Supercell's 12(b)(6) statutory standing argument if it has already found that Mr. Brahamsha has Article III standing—i.e., that he has suffered a concrete injury-in-fact. And if Mr. Brahamsha has suffered a concrete injury-in-fact sufficient to satisfy Article III, he is almost certainly "aggrieved" under TCCWNA, given that statutory standing under TCCWNA sets an arguably lower threshold than Article III standing. *Compare Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 362 (D.N.J. 2006) (TCCWNA "can be violated if a contract or notice simply contains a provision prohibited by state or federal law, and it provides a remedy even if a plaintiff has not suffered any actual damages.") *with Spokeo v. Robins*, 136 S. Ct. 1540, 1549 (2016) (a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III").

## CONCLUSION

Supercell's Motion to Dismiss should be denied as moot. Both sides agree that federal jurisdiction over this case is lacking. Consequently, as a case removed from state court, remand back to the Superior Court of New Jersey, Monmouth

Vicinage is the only proper course of action. Alternatively, should this Court find—contrary to the position of both parties—that it has jurisdiction over this matter, Supercell's Motion to Dismiss for failure to state a claim should be denied because Mr. Brahamsha is "aggrieved" under TCCWNA.

Respectfully submitted,

**ALAN BRAHAMSHA**, individually and on behalf of all others similarly situated,

Dated: January 3, 2017                    By: /s/ Stefan Coleman
                                              One of Plaintiff's attorneys

Stefan Coleman (Attorney No. 029662010)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Avenue
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Courtney C. Booth (Admitted *Pro Hac Vice*)
cbooth@edelson.com
Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

## <u>CERTIFICATE OF SERVICE</u>

I, Stefan Coleman, an attorney, hereby certify that on January 3, 2017, I caused to be served the above and foregoing ***Plaintiff's Response in Opposition to Defendant's Motion to Dismiss*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system.

/s/ Stefan Coleman
Stefan Coleman