## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated, | : | Civil Action No. 16-8440 (FLW)(DEA) |
| | : | |
| Plaintiff, | : | Hon. Freda L. Wolfson, U.S.D.J. |
| | : | |
| v. | : | Motion Return Date:  January 17, 2017 |
| SUPERCELL OY, a Finnish limited company, | : | |
| | : | |
| Defendant. | : | |

---

## DEFENDANT SUPERCELL OY'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

---

Jeffrey J. Greenbaum
Charles J. Falletta
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102-5400
Telephone:973.643.7000
Facsimile: 973.643.6500

Jennifer L. Kelly (admitted *pro hac vice*)
Tyler Newby (admitted *pro hac vice*)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:415.875.2300
Facsimile: 415.281.1350

*Attorneys for Defendant*
SUPERCELL OY

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .............................................................................1

STATEMENT OF PROCEDURAL HISTORY.....................................................2

ARGUMENT .........................................................................................................2

     I.     THE COURT HAS ORIGINAL JURISDICTION OVER THIS
            ACTION UNDER CAFA ...................................................................2

            A.     Plaintiff Does Not Dispute That CAFA's
                   Requirements Are Met.............................................................3

            B.     Plaintiff Bears the Burden of Establishing Standing. ...............4

     II.    SUPERCELL'S MOTION TO DISMISS IS NOT MOOT ................7

            A.     The Court May Either Dismiss or Remand This
                   Action in Response to Supercell's Motion to Dismiss .............7

            B.     The Court May Address Supercell's Motion to
                   Dismiss Under Rule 12(b)(6).................................................9

     III.   PLAINTIFF'S REQUEST FOR FEES IS MERITLESS..................10

CONCLUSION ....................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C ASES

*Black v. Main St. Acquisition Corp.*,
  No. 5:11-cv-0577 LEK/DEP, 2013 WL 1295854 (N.D.N.Y. Mar.
  27, 2013) ...................................................................................................7

*Boyer v. Snap-on Tools Corp.*,
  913 F.2d 108 (3d Cir. 1990) .......................................................................7

*Brown v. Jevic*,
  575 F.3d 322 (3d Cir. 2009) .......................................................................7

*Burns v. Tristar Prods., Inc.*,
  No. 3:14-cv-749-BAS DHB, 2014 WL 3728115 (S.D. Cal. July 25,
  2014) ...........................................................................................................8

*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*,
  No. 16-cv-02941-LHK, 2016 WL 4729302 (N.D. Cal. Sept. 12,
  2016) ...................................................................................................4, 5, 6

*Cont'l Cas. Co. v. S. Co.*,
  284 F. Supp. 2d 1118 (N.D. Ill. 2003) ........................................................7

*DiSalvo v. Intellicorp Records, Inc.*,
  No. 1:16–cv-1697, 2016 WL 5405258 (N.D. Ohio Sept. 27, 2016) ...............4, 5

*Envtl. Research Ctr. v. Heartland Prods.*,
  29 F. Supp. 3d 1281 (C.D. Cal. 2014) ........................................................7

*Estate of Rodriguez v. 5 Points Tire & Auto Repair*,
  No. 3:13-cv-7744 FLW, 2014 WL 3396517 (D.N.J. July 10, 2014) .................3

*Giordano v. Wachovia Sec., LLC*,
  No. 1:06-cv-476 (JBS), 2006 WL 2177036 (D.N.J. July 31, 2006).....................6

*In re Whole Foods Mkt. Grp., Inc. Overcharging Litig.*,
  167 F. Supp. 3d 524 (S.D.N.Y. 2016) .............................................8, 9, 10

*Kaufman v. Allstate New Jersey Ins. Co.*,
  561 F.3d 144 (3d Cir. 2009) .......................................................................8

*Kendall v. CubeSmart L.P.*,
   No. 3:15-cv-6098 LHG, 2015 WL 7306679 (D.N.J. Nov. 19, 2015) .............3, 4

*Key v. DSW Inc.*,
   454 F. Supp. 2d 684 (S.D. Ohio 2006) ...........................................................6, 9

*Khan v. Children's Nat'l Health Sys.*,
   No. 15-cv-2125-TDC, 2016 WL 2946165 (D. Md. May 19, 2016)....................6

*LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC.*,
   287 F.3d 279 (3d Cir. 2002) ................................................................................11

*Macon Cty., Ill. ex rel. Ahola v. Merscorp, Inc.*,
   968 F. Supp. 2d 959 (C.D. Ill. 2013) ...................................................................7

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005)...........................................................................................10

*Mocek v. Allsaints USA Ltd.*,
   No. 1:16-cv-8484, 2016 WL 7116590 (N.D. Ill. Dec. 7, 2016)..........................7

*Pavlak v. SBKFC*,
   No. 1:15-cv-1944 (NLH/JS), 2015 WL 9049344 (D.N.J. Dec. 16,
   2015) ....................................................................................................................8

*Russell v. Croscill Home, LLC*,
   Civ. No. 3:16-cv-1190 (PGS) (D.N.J. Oct. 11, 2016) .........................................9

*Sacchi v. ABC Fin. Servs., Inc.*,
   No. 3:14-cv-1196 FLW, 2014 WL 4095009 (D.N.J. Aug. 18, 2014)...............10

*Spokeo v. Robins*,
   136 S. Ct. 1540 (2016)..............................................................................5, 8, 11

*Tarby v. B.J. McGlone & Co.*,
   No. 1:16-cv-1367, 2016 WL 7217596 (D.N.J. Dec. 13, 2016)..........................11

*W. Chester Univ. Found. v. Metlife Ins. Co.*,
   No. 2:15-cv-3627, 2016 WL 2939508 (E.D. Pa. May 20, 2016).........................6

*Williams v. Purdue Pharma Co.*,
   297 F. Supp. 2d 171 (D.D.C. 2003).....................................................................8

*Zuk v. Eastern Pennsylvania Psychiatric Institute*,
   103 F. 3d 294 (3d Cir. 1996) .............................................................................11

STATUTES

28 U.S.C. § 1332 ................................................................................2, 4

28 U.S.C. § 1441 ................................................................................2, 3

28 U.S.C. § 1446 ...................................................................................2

28 U.S.C. § 1453 ...................................................................................2

28 U.S.C. § 1927 .............................................................................11, 12

N.J.S.A. § 56:12-14 *et seq.* ...........................................................*passim*

OTHER AUTHORITIES

U.S. Constitution, Article III...........................................................*passim*

Fed. R. Civ. P. 12(b)(1)............................................................2, 5, 6, 9

Fed. R. Civ. P. 12(b)(6)...............................................................2, 9

## PRELIMINARY STATEMENT

Plaintiff seeks remand of this action based on a lack of Article III standing without ever taking a position on whether he has suffered a concrete injury-in-fact. Plaintiff does not dispute that the Class Action Fairness Act of 2005's ("CAFA") diversity and amount in controversy requirements have been met, nor does he concede he has suffered no injury.  Instead, he contends that remand is proper based solely on Supercell's argument in its motion to dismiss that Plaintiff has not alleged a concrete injury.  Plaintiff's argument conflates two distinct issues: (1) whether this action was properly removed under CAFA; and (2) whether Plaintiff alleges a concrete injury sufficient to establish standing such that his claim can be maintained in federal court.  In confusing these two issues, Plaintiff incorrectly argues that it is Supercell's, rather than Plaintiff's, burden to demonstrate that he has suffered an injury-in-fact sufficient to meet Article III's standing requirements. Although incorrect, this is not by mistake.  Plaintiff undoubtedly is aware that if he concedes he has not suffered a concrete injury, he will be judicially estopped from arguing that he is an aggrieved consumer—a necessary element for pleading and proving a claim under New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA")—if this Court were to remand the case to state court. For this reason, Plaintiff makes clear that he does not intend to take a position as to whether he has standing to bring his claim in federal court.  However, because

Supercell has established that CAFA's requirements are met and Plaintiff does not concede he has not suffered an injury-in-fact, the Court should deny Plaintiff's motion and instead address the arguments raised in Supercell's motion to dismiss.

## STATEMENT OF PROCEDURAL HISTORY

Plaintiff filed his Complaint in the Superior Court of New Jersey, Law Division, Monmouth County on July 28, 2016.  On November 11, 2016, Supercell timely removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  Dkt. No. 1.  On December 2, 2016, Supercell filed its motion to dismiss the Complaint under Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.  Dkt. No. 16.  On December 15, 2016, more than 30 days after removal, Plaintiff filed his motion to remand this action to state court.  At the same time, Plaintiff asked the Court to stay briefing on the motion to dismiss.  The Court denied the request on December 22, 2016, requiring briefing on both motions to proceed simultaneously.  Dkt. No. 34.

## ARGUMENT

### I. THE COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION UNDER CAFA

In his motion to remand, Plaintiff does not assert that removal was improper under CAFA, nor does he challenge the contents of Supercell's Notice of Removal. Indeed, the remand motion, filed more than 30 days after the removal, would be untimely to do so.  Instead, Plaintiff incorrectly asserts that removal was improper

based solely on Supercell's argument in its post-removal motion to dismiss that Plaintiff failed to allege a concrete injury-in-fact necessary to maintain Article III standing.  To the contrary, CAFA does not require a removing defendant to concede Article III standing, and the law is clear that for removal purposes, jurisdiction is determined at the time of removal.  *See Estate of Rodriguez v. 5 Points Tire & Auto Repair*, No. 3:13-cv-7744 FLW, 2014 WL 3396517, at *2 (D.N.J. July 10, 2014) ("The removability of a legal matter is determined from the plaintiff's pleadings at the time of removal.").  Accordingly, Supercell's position regarding Plaintiff's standing (or lack thereof) in its motion to dismiss cannot be determinative of the propriety of its removal of this action from state court. Because Supercell's Notice of Removal established that this Court has original jurisdiction over this action, and notably Plaintiff fails to assert any challenge to that original jurisdiction, his motion to remand should be denied.

A.     **Plaintiff Does Not Dispute That CAFA's Requirements Are Met**

It is well established that a civil action brought in state court may be removed to federal district court if the district court has original jurisdiction over the claim.  28 U.S.C. § 1441(a); *Kendall v. CubeSmart L.P.*, No. 3:15-cv-6098 (FLW) LHG, 2015 WL 7306679, at *2 (D.N.J. Nov. 19, 2015) (Wolfson, J.). Under CAFA, federal district courts have original jurisdiction over class actions where (1) the parties are minimally diverse, (2) the proposed class has more than

100 members, and (3) the aggregate amount in controversy exceeds $5,000,000.
28 U.S.C. § 1332(d)(2), (d)(5)(B); *Kendall*, 2015 WL 7306679, at *2.  Supercell's
Notice of Removal established, and Plaintiff does not dispute, that this case meets
CAFA's jurisdictional requirements.  *See* Dkt. No. 1.  Accordingly, this Court has
original jurisdiction over this action, and the Court may consider and address the
issues raised in Supercell's motion to dismiss, namely whether Plaintiff has
sufficiently alleged harm to state a claim for relief under TCCWNA and, relatedly,
whether Plaintiff has sufficiently alleged harm to satisfy the injury-in-fact
requirement of Article III.  *See DiSalvo v. Intellicorp Records, Inc.*, No. 1:16–cv-
1697, 2016 WL 5405258, at *3 (N.D. Ohio Sept. 27, 2016); *Coleman-Anacleto v.
Samsung Elecs. Am., Inc.*, No. 16-cv-02941-LHK, 2016 WL 4729302, at *5 (N.D.
Cal. Sept. 12, 2016) (denying motion to remand where CAFA requirements were
met and considering defendant's motion to dismiss for lack of Article III standing).

### B.    Plaintiff Bears the Burden of Establishing Standing.

Through his motion to remand, Plaintiff incorrectly attempts to shift the
burden of demonstrating that he has suffered a redressable injury-in-fact to
Supercell.  Although the Third Circuit has not yet addressed this issue, persuasive
authority from other district courts have recognized that once a defendant satisfies
its initial burden of establishing the Court's original jurisdiction in its removing
papers, the plaintiff then bears the burden of demonstrating injury-in-fact where

there is a challenge to plaintiff's Article III standing. *DiSalvo,* 2016 WL 5405258, at *2; *see also Coleman-Anacleto*, 2016 WL 4729302, at *3 ("Once a defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the Court's jurisdiction.").

    *DiSalvo* is instructive.  There, the plaintiff brought suit in state court under the Fair Credit Reporting Act ("FCRA") without alleging a concrete injury. *DiSalvo*, 2016 WL 5405258, at *1.  The defendant removed the action under CAFA, and subsequently moved to dismiss the action for lack of subject matter jurisdiction on the grounds that the plaintiff's allegation of a bare procedural violation of FCRA was insufficient to establish Article III standing based on the Supreme Court's 2016 ruling in *Spokeo v. Robins*, 136 S. Ct. 1540 (2016).  *Id.* at *2.  Like Plaintiff here, the plaintiff in *DiSalvo* "contend[ed] that because it is defendant's burden, as the party removing the action from state court, to demonstrate that [the] Court has jurisdiction, plaintiff '[took] no position on whether his complaint adequately allege[d] a concrete injury-in-fact."  *Id.* at *3. The court rejected plaintiff's argument as "unpersuasive," holding that after a case is properly removed under CAFA, it is the plaintiff's burden to "show Article III standing in response to a motion to dismiss challenging his lack of standing."  *Id.*

    Other courts have similarly held that the plaintiff bears the burden of establishing standing post-removal where the defendant subsequently challenges

subject matter jurisdiction under Article III. *See, e.g., W. Chester Univ. Found. v. Metlife Ins. Co.*, No. 2:15-cv-3627, 2016 WL 2939508, at *2 (E.D. Pa. May 20, 2016) (after defendant removed action and moved for dismissal under Rule 12(b)(1), plaintiff had burden of establishing standing); *Khan v. Children's Nat'l Health Sys.*, No. 15-cv-2125-TDC, 2016 WL 2946165, at *2 (D. Md. May 19, 2016) (same); *Key v. DSW Inc.*, 454 F. Supp. 2d 684, 686-87 (S.D. Ohio 2006) (same); *Coleman-Anacleto*, 2016 WL 4729302, at *3 ("Once a defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the Court's jurisdiction."). The cases cited by Plaintiff in his motion do not compel otherwise. Indeed, in *Giordano v. Wachovia Sec.,* LLC, No. 1:06-cv-476 (JBS), 2006 WL 2177036, at *3 (D.N.J. July 31, 2006), the court was clear that it was the plaintiff who had the burden of establishing standing after the defendant removed the action from the Superior Court of New Jersey and then subsequently moved to dismiss for lack of subject matter jurisdiction.

Further, none of the cases relied on in Plaintiff's motion involved a situation where, as here, an action was properly removed based on the court's original jurisdiction and where the plaintiff refused to take a position as to the defendant's

challenge to Article III standing.[1]  In contrast, in *Mocek v. Allsaints USA Ltd.*, the principal case upon which Plaintiff relies, the parties *agreed* the court lacked jurisdiction over the plaintiff's only claim.  No. 1:16-cv-8484, 2016 WL 7116590, at *2 (N.D. Ill. Dec. 7, 2016).  Similarly in *Black v. Main St. Acquisition Corp.*, the plaintiff agreed with defendant's argument that the district court lacked jurisdiction.  No. 5:11-cv-0577 LEK/DEP, 2013 WL 1295854, at *1 (N.D.N.Y. Mar. 27, 2013).  Here, by contrast, Plaintiff has pointedly refused to concede that he has not suffered a concrete injury.  The cases relied on by Plaintiff are therefore non-persuasive, and do not support his remand motion.

## II.   SUPERCELL'S MOTION TO DISMISS IS NOT MOOT

### A.   The Court May Either Dismiss or Remand This Action in Response to Supercell's Motion to Dismiss

The Court should also decline Plaintiff's invitation to deny Supercell's motion to dismiss as moot.  In response to Supercell's motion to dismiss, which

---

[1] *Cont'l Cas. Co. v. S. Co.*, 284 F. Supp. 2d 1118, 1123 (N.D. Ill. 2003) (denying post-removal motion to dismiss for lack of subject matter jurisdiction after finding that Article III's requirements were met); *Macon Cty., Ill. ex rel. Ahola v. Merscorp, Inc.*, 968 F. Supp. 2d 959, 965 (C.D. Ill. 2013) (same); *Brown v. Jevic*, 575 F.3d 322, 325 (3d Cir. 2009) (addressing whether a defendant is precluded from removing a class action to federal court because a co-defendant is in bankruptcy); *Envtl. Research Ctr. v. Heartland Prods.*, 29 F. Supp. 3d 1281, 1282 (C.D. Cal. 2014) (after defendant removed to federal court, plaintiff moved to remand on the ground that plaintiff lacked standing under Article III); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (addressing removing party's burden of showing that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction).

seeks dismissal on the grounds that Plaintiff lacks both statutory and constitutional standing, the court is free to dismiss the case or remand it to state court.  In the interest of judicial efficiency, numerous courts, when faced with plaintiffs that lack standing, dismiss, rather than remand. *See, e.g., Pavlak v. SBKFC*, No. 1:15-cv-1944 (NLH/JS), 2015 WL 9049344, at *3 (D.N.J. Dec. 16, 2015) (dismissing removed claim after plaintiff failed to show Article III standing); *Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d 171, 177-78 (D.D.C. 2003) (dismissing removed case for lack of standing, after denying motion to remand); *In re Whole Foods Mkt. Grp., Inc. Overcharging Litig.*, 167 F. Supp. 3d 524 (S.D.N.Y. 2016) (dismissing case removed to federal court under CAFA for lack of Article III standing and for failure to state a claim); *Burns v. Tristar Prods., Inc.*, No. 3:14-cv-749-BAS DHB, 2014 WL 3728115, at *4 (S.D. Cal. July 25, 2014) (denying plaintiff's request to remand claim to state court and instead granting motion to dismiss without prejudice for lack of Article III standing).  The court may similarly do so here.  Further, the purpose of CAFA would be frustrated if plaintiffs were permitted to bring such class actions for bare procedural violations – and which indisputably meet CAFA's statutory requirements – but where *Spokeo* now prohibits their resolution in federal courts.  *See Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 149 (3d Cir. 2009) ("One purpose of CAFA was to provide for "[f]ederal court consideration of interstate cases of national importance under

diversity jurisdiction.") (citing CAFA § 2, PL 109–2, 119 Stat 4).

## B.   The Court May Address Supercell's Motion to Dismiss Under Rule 12(b)(6)

Even if the Court agrees that Plaintiff's Complaint fails to establish an injury-in-fact under Article III, the Court may still address Supercell's related argument that Plaintiff lacks statutory standing under TCCWNA.  Indeed, where a motion to dismiss is made pursuant to Rules 12(b)(1) and 12(b)(6) on the ground that a plaintiff has failed to allege injury, courts will frequently reach both issues in granting a motion to dismiss.  *See, e.g., Russell v. Croscill Home, LLC*, Civ. No. 3:16-cv-1190 (PGS) (D.N.J. Oct. 11, 2016) (Sheridan, J.)[2] (dismissing TCCWNA claim on the grounds that the plaintiff's lack of harm deprived him of both statutory and constitutional standing); *In re Whole Foods Mkt. Grp., Inc. Overcharging Litig.*, 167 F. Supp. 3d at 538 (same); *Key*, 454 F. Supp. 2d at 691 ("[B]y dismissing all of the Plaintiff's claims for lack of standing, by implication the Court has found that the Plaintiff has not alleged cognizable damages sufficient to state a contract, negligence, conversion, or fiduciary duty claim.").  As one court noted, dismissal is appropriate in these circumstances because a plaintiff's "failure to plead a non-speculative injury-in-fact necessarily means that it fails to plead an essential element of each of plaintiffs' claims: that they personally sustained an

---

[2] A copy of the Transcript of Decision in *Russell v. Croscill Home, LLC* is attached as Exhibit A to the Certification of Jeffrey J. Greenbaum filed in connection with Supercell's Motion to Dismiss.  Dkt. No. 16.

actual injury as a result of [the defendant's] allegedly deceptive practices." *In re Whole Foods Mkt. Grp., Inc. Overcharging Litig.*, 167 F. Supp. 3d at 538. Because any finding that Plaintiff has failed to establish standing under Article III necessarily leads to the related conclusion that Plaintiff is not an "aggrieved" consumer that can bring a claim for statutory damages under TCCWNA, the Court may reach both arguments in ruling on Supercell's motion to dismiss.

## III.   PLAINTIFF'S REQUEST FOR FEES IS MERITLESS

Even if the Court were to grant Plaintiff's remand motion, Plaintiff's claim for attorneys' fees is inappropriate, as Supercell clearly had an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005) ("absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal"); *Sacchi v. ABC Fin. Servs., Inc.*, No. 3:14-cv-1196 FLW, 2014 WL 4095009, at *7 (D.N.J. Aug. 18, 2014). As discussed above, Plaintiff does not challenge the contents of Supercell's Notice of Removal or dispute that CAFA's statutory requirements are met. Accordingly, because CAFA does not require a moving defendant to concede Article III standing, there is no inconsistency between removing this action under CAFA and subsequently challenging Plaintiff's standing to maintain this action in federal court. Further, as Plaintiff himself recognizes, there is a "lack of uniformity in Article III standing jurisprudence in the wake of the Supreme Court's

recent decision in *Spokeo, Inc. v. Robins*," and "[t]he requirements for Article III standing related to TCCWNA claims in particular are anything but settled." Motion to Remand at 2.  Indeed, the complete impact of *Spokeo* on Article III jurisprudence remains to be seen.  Thus, under the circumstances, the basis for removal was objectively reasonable and a grant of attorney's fees is inappropriate. *See Tarby v. B.J. McGlone & Co.*, No. 1:16-cv-1367 (NLH/AMD), 2016 WL 7217596, at *4 (D.N.J. Dec. 13, 2016) (refusing to award fees and costs where "no controlling authority directly on-point exist[ed]" as to issue jurisdictional issue implicated in removal).

Plaintiff's request for fees under 28 U.S.C. § 1927 should also be rejected for the reason that Supercell's removal of this action was neither unreasonable nor vexatious, especially in light of the uncertain jurisdictional landscape following *Spokeo*.  Before a court can order the imposition of attorneys' fees under § 1927, "it must find willful bad faith on the part of the offending attorney."  *Zuk v. Eastern Pennsylvania Psychiatric Institute*, 103 F. 3d 294, 297 (3d Cir. 1996). Further, "courts should exercise [this sanctioning power] only in instances of a serious and studied disregard for the orderly process of justice."  *LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC.*, 287 F.3d 279, 288 (3d Cir. 2002). Plaintiff does not once explain why Supercell's conduct rose to the high standards of § 1927, apart from the conclusory statement that "this unnecessary detour to

federal court" purportedly multiplied the proceedings in this case.  Plaintiff fails to point to a single case where this Court imposed sanctions under similar circumstances, and the mere fact that Supercell challenged Plaintiff's standing to maintain his claim in federal court does not make its conduct sanctionable under § 1927.

## CONCLUSION

For the reasons discussed above, Supercell respectfully requests that this Court enter an order denying Plaintiff's motion to remand.

Respectfully submitted,
SILLS CUMMIS & GROSS P.C.


By: /s/ Jeffrey J. Greenbaum
Jeffrey J. Greenbaum
Charles J. Falletta
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102-5400
Telephone: (973) 643-7000
Facsimile: (973) 643-6500

Jennifer L. Kelly (admitted *pro hac vice*)
Tyler Newby (admitted *pro hac vice*)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:        415.281.1350

*Attorneys for Defendant*
SUPERCELL OY

Dated:  January 3, 2017

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 3, 2017, Defendant Supercell OY's Opposition to Plaintiff's Motion for Remand to State Court was electronically filed with the Court and served on all counsel of record by using the CM/ECF system.

/s/ Jeffrey J. Greenbaum
Jeffrey J. Greenbaum