**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>SUPERCELL OY, a Finnish limited company,<br><br>　　　　　Defendant. | Civ. No. 16-8440<br><br>**OPINION** |

**WOLFSON, U.S.D.J.**

　　This matter comes before the Court upon the motion (ECF No. 16) of Defendant Supercell OY ("Defendant") to dismiss the Complaint of Plaintiff Alan Brahamsha ("Plaintiff") for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), and, in the alternative, for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), on the ground that Plaintiff lacks Article III standing; and upon the motion of Plaintiff to remand this matter back to the Superior Court of New Jersey and award attorney's fees, pursuant to 28 U.S.C. § 1447(c) (ECF No. 29). Each motion is opposed (ECF Nos. 35, 36, respectively). The substance of Plaintiff's motion to remand is coextensive with its opposition to Defendant's motion to dismiss under Rule 12(b)(1), namely that were the Court to find, as Defendant argues, that Plaintiff lacks Article III standing to sue and that the Court therefore lacks subject matter jurisdiction over the Complaint, the appropriate remedy is remand to the state court, not dismissal. The Court issues the following opinion based upon the written submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78(b).  For the reasons stated herein, the Court, fulfilling its independent

1

obligation to examine its own jurisdiction including the jurisdictional element of standing, finds (i) that Plaintiff lacks Article III standing to bring his claims before this Court, (ii) that this Court therefore lacks subject matter jurisdiction over the Complaint, and (iii) that this matter must therefore be remanded to the Superior Court of New Jersey. Consistent with these findings, Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) is denied as moot, its motion under Fed. R. Civ. P. 12(b)(6) is denied without prejudice, and Plaintiff's cross motion to remand is denied as moot. Further, the Court denies Plaintiff's motion for attorney's fees.

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

This matter pertains to a contract for the use of a mobile game, which Plaintiff alleges violates the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"). Plaintiff's relevant allegations are as follows: Plaintiff purchased a mobile game from Defendant. In order to use the game, Plaintiff had to agree to Defendant's Terms of Service, which were presented in a take-it-or-leave-it format.  The Terms of Service purport to bind consumers to "irrevocably waive all rights to seek injunctive or other equitable relief."  (Compl. at 7, ECF No. 1).  Furthermore, the Terms of Service state:

> Supercell shall not be liable to you for any indirect, incidental, consequential, special, punitive or other similar damages . . . arising out of or relating in any way to these terms of service or the service itself, whether based on contract, tort or other legal theory . . . . Supercell shall not be liable to you for more than the amount you have paid to Supercell . . . in the six (6) months immediately preceding the date on which you first assert a claim. . . . [I]f you have not paid anything . . . during such time period, your sole remedy (and Supercell's exclusive liability) for any dispute with Supercell is to stop using the service and to cancel your account.

(*Id.* at 8).  The Terms of Service state that some of their disclaimers and limitations may not apply in some jurisdictions.  They do not specify which terms do or do not apply in any particular jurisdiction, including the State of New Jersey.  (*Id.* at 9).

Plaintiff brought this matter as a class action in the Superior Court of New Jersey, Monmouth County, seeking damages under the TCCWNA. (ECF No. 1-1); N.J.S.A. § 56:12-17 (where there is a violation of the TCCWNA, the statute provides "for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs."). Defendant removed the case to this Court on November 11, 2016, invoking the Court's diversity jurisdiction under the Class Action Fairness Act ("CAFA"). (ECF No. 1). On December 2, 2016, Defendant moved to dismiss this action for failure to state a claim (Fed. R. Civ. P. 12(b)(6)) and, in the alternative, for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) on the ground that Plaintiff lacks Article III standing to sue in federal court. (ECF No. 16). Plaintiff opposed Defendant's motion, and, on December 15, 2016, moved to remand and for an award of attorney's fees under 28 U.S.C. § 1447(c). (ECF No. 29). These motions are presently before the Court.

In his motion to remand, Plaintiff does not advance separate, affirmative arguments compelling remand to the state court. Plaintiff does not, for example, concede that the Court lacks subject matter jurisdiction due to Plaintiff's lack of standing. Instead, he incorporates his arguments raised in opposition to Defendant's motion to dismiss under Rule 12(b)(1) and asserts that, given *Defendant's position* that Plaintiff lacks Article III standing, such that this Court has no subject matter jurisdiction over the case, Defendant lacked a reasonable basis to remove the case to federal court in the first instance. Plaintiff argues that *were* the Court to agree with Defendant that it lacks subject matter jurisdiction, § 1447(c) would require remand to the state court rather than dismissal. Accordingly, the outcome of Plaintiff's "motion" to remand is determined by the Court's standing analysis on Defendant's motion to dismiss under Rule 12(b)(1). The Court will thus consider the parties' arguments in both sets of briefing concerning

3

that analysis. Moreover, the Court would be required to evaluate Plaintiff's Article III standing to sue even if the parties had failed to raise it in their motions because "[t]he federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *United States v. Hays*, 515 U.S. 737, 742 (1995) (quoting *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 230–231 (1990)) (alterations in original). I therefore consider the parties' motions in tandem, focusing on the essential inquiry of Article III standing.

**STANDARD OF REVIEW**

A civil action brought in state court may be removed by defendants to a federal district court if the district court has original jurisdiction over the claim. 28 U.S.C. § 1441(a); *see also Samuel-Bassett v. Kia Motors Am.*, 357 F.3d 392, 398 (3rd Cir. 2004). Federal district courts have original jurisdiction on the basis of diversity of citizenship where (1) the matter in controversy exceeds the sum or value of $75,000, and (2) there is diversity of citizenship between each plaintiff and each defendant in the case. *See, e.g.*, *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3rd Cir. 2009) (citing 28 U.S.C. § 1332(a)(1)). Alternatively, pursuant to CAFA, federal district courts have original jurisdiction over class actions where (1) the matter in controversy (*i.e.*, the aggregated claims of the individual class members) exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) any member of a class of plaintiffs is a citizen of a state different from any defendant, and (3) the class has at least 100 members. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6); *Standard Fire Ins. Co. v. Knowles*, ___ U.S. ____, 133 S. Ct. 1345, 1348 (2013); *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358 (3d Cir. 2015). "A party asserting federal jurisdiction in a removal case bears the burden of showing 'that the case is properly before the federal court.'" *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d

495, 500 (3d Cir. 2014) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 193 (3rd Cir. 2007)); *see also Morgan v. Gay*, 471 F.3d 469, 473 (3rd Cir. 2006), *cert. denied*, 552 U.S. 940 (2007). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court.  28 U.S.C. § 1447(c). Any doubts must be resolved in favor of remand. *Samuel-Bassett*, 357 F.3d at 403.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___U.S.____, 135 S. Ct. 547, 554 (2014). "Thus, the grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)." *Grace v. T.G.I. Fridays, Inc.*, No. 14-7233, 2015 U.S. Dist. LEXIS 97408, at *8-9, 2015 WL 4523639 (D.N.J. July 27, 2015) (citing Dart Cherokee, 135 S. Ct. at 553). No evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court. *See Dart Cherokee*, 135 S. Ct. at 553. When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied. *See id.* at 554.

## ANALYSIS

### A. Article III Standing

Defendants allege that this Court has jurisdiction pursuant to the CAFA.  (ECF No. 1, Notice of Removal).  However, in its motion to dismiss, Defendant argued, *inter alia*, that Plaintiff had not suffered an actual injury or harm and therefore lacked Article III standing to bring his claim; where Plaintiff lacks standing, the Court lacks subject matter jurisdiction and the matter must be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  (ECF No.

16, at 12–15).  In his motion to remand, Plaintiff argues that Defendant undercuts its basis for removal by making this standing-jurisdiction argument; because the removing party bears the burden of establishing jurisdiction, the matter therefore should be remanded.  (ECF No. 29, Mot. to Remand).  Plaintiff does not address whether this Court has jurisdiction pursuant to the CAFA.

"[S]tanding is a question of subject matter jurisdiction." *Petroleos Mexicanos Refinancion v. M/T KING, A (Ex-Tbilisi)*, 377 F.3d 329, 224 (3d Cir. 2004).  Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  *Lance v. Coffman*, 549 U.S. 437, 439 (2007); U.S. CONST. art. III, § 2.  "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "The standing inquiry . . . focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008)) (alterations original). Because standing is a "threshold jurisdictional requirement," this Court has an obligation independent of the parties' motions to ensure that it is present before the matter may proceed in federal court. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 399 F.3d 248, 254 (3d Cir. 2005) (quotation omitted). To satisfy Article III's standing requirements, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, *as revised* (May 24, 2016).

Where a plaintiff lacks Article III standing, the federal court lacks subject matter jurisdiction and the matter must be remanded to state court. *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 540 (3d Cir. 1994); *Giordano v. Wachovia Securities, LLC*, 2006 WL 2177036, at *5

(D.N.J. July 31, 2006); 28 U.S.C. § 1447(c).  Remand is not a discretionary decision on the part of the Court; it is mandatory under 28 U.S.C. § 1447(c) even if remanding the case to state court may be futile.  *See Bromwell v. Michigan Mutual Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997).

In this case, Defendant argues in its motion to dismiss (ECF No. 16, at 12–15) and its opposition to Plaintiff's motion to remand (*see* ECF No. 36, at 4) that Plaintiff lacks Article III standing because Plaintiff has not alleged an injury-in-fact, identifying in its Complaint only alleged statutory violations by Defendant without any allegations concerning the harm suffered as a result by Plaintiff and by the proposed class. The Court agrees.

To allege injury-in-fact, "a plaintiff must claim the invasion of a concrete and particularized legally protected interest resulting in harm that is actual or imminent, not conjectural or hypothetical."  *Nickelodeon*, 827 F.3d at 272 (quoting *Finkelman*, 810 F.3d at 193) (internal quotations omitted).  In the context of a statutory violation, allegations of a "bare procedural violation [under the statute], divorced from any concrete [or substantive] harm" cannot satisfy the injury-in-fact requirement.  *Spokeo*, 136 S. Ct. at 1549 (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing")).  Stated differently, not every "bare" violation of a right granted by a statute is inherently injurious.  Rather, such a violation must result in a "concrete" harm.  That requirement remains in circumstances where a statute "purports to authorize [a] person to sue to vindicate [a statutory procedural] right." *Id.*; *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing").

7

Applying *Spokeo*, Courts in this district have persuasively found that where a plaintiff alleges violations of the TCCWNA but not actual, particular harm to him or herself, the plaintiff lacks Article III standing. *Rubin v. J. Crew Grp., Inc.*, 2017 WL 1170854, at *5 (D.N.J. Mar. 29, 2017); *Hecht v. Hertz Corp.*, 2016 WL 6139911, at *7 (D.N.J. Oct. 20, 2016), *appeal dismissed sub nom. DAVID HECHT v. HERTZ CORP* (Nov. 22, 2016). In *Rubin*, for example, the plaintiff alleged that the defendant's Terms of Service violated the TCCWNA by shielding defendant from liability to which is was mandatorily subjected by New Jersey law, thereby denying rights, responsibilities, and remedies under the New Jersey Punitive Damages Act, the New Jersey Consumer Fraud Act, TCCWNA, and other statutes, and failing to clarify whether limitations of liability apply in New Jersey or not. *Rubin*, 2017 WL 1170854, at *6. This Court found,

> [Plaintiff had not alleged] any underlying injuries that Plaintiff has suffered as a result of purchasing Defendant's merchandise or using the J Crew Website. Plaintiff merely alleges that she has made purchases from the Website. In fact, Plaintiff does not even aver that she viewed or relied on the Terms and Conditions that are alleged to be violative of the TCCWNA. . . . Therefore, there is no indication that Plaintiff had a claim against Defendant which the Terms and Conditions prevented her from bringing.

*Id.* "[W]ithout an underlying concrete harm, a plaintiff may not base his/her complaint solely on allegations of wrongdoing predicated on TCCWNA violations." *Id.* at *5.

Similarly, in *Hecht*, the plaintiff complained that the defendant's website neglected to identify whether New Jersey is one of the jurisdictions where an exception applies to the website's general provision that price, rate and availability of products or services are subject to change without notice. *Hecht v. Hertz Corp.*, 2016 WL 6139911, at *4. Relying on *Spokeo*, the court found that the plaintiff failed to allege any concrete harm sufficient to meet Article III standing. Rather, among other reasons, the court explained that the plaintiff's purported injuries were merely bare statutory violations, because he did not allege whether any of the website's

provisions were in fact unenforceable or invalid in New Jersey.  *Id.* at *7.  The court stressed that "there can be no concrete harm resulting from a situation where a [p]laintiff did not know whether the provisions were 'void, unenforceable or inapplicable to reservations made by New Jersey citizens,' but these provisions ultimately were enforceable, *i.e.*, [p]laintiff was able to access the full panoply of benefits offered."  *Id.*

In this case, Plaintiff alleges that Defendant's Terms of Service "improperly (i) limit the legal rights of consumers to seek redress (e.g., for intentional or reckless harms) in violation of Section 15… and (ii) state in a general, non-particularized fashion that its terms are void, inapplicable, or unenforceable in some jurisdictions without specifying their applicability in New Jersey in violation of Section 16…"  (ECF No. 35, at 7).  Plaintiff argues, "Defendant's Terms of Service include provisions that violate the clearly established legal rights Plaintiff and the members of the Class, including the right to seek redress for intentional harms.  Defendant's Terms of Service also abdicate its own clearly established legal responsibilities as a seller, including its responsibility to specify how its disclaimers, which it claims are inapplicable in some jurisdictions, specifically apply in New Jersey."  (Compl. ¶ 54, ECF No. 1-1).  Plaintiff has not alleged any concrete or particular harm that he has suffered as a result of these purported "violations" of the TCCWNA.  (*Id.*; *see also* Compl. ¶¶ 25–35, ECF No. 1-1).

Specifically, the Complaint alleges that New Jersey consumers were harmed by being left "without meaningful guidance as to their specific rights under [Defendants'] Terms of Service agreement and applicable law." *Id.* at ¶ 34. As to Plaintiff in particular, the Complaint alleges that Plaintiff registered for Defendant's game product subject to the Terms of Service and made in-game purchases subject to the Terms of Service, which contained the allegedly unlawful provisions. *Id.* at ¶¶ 38-41. There are no allegations that Plaintiff ever relied to his detriment on

9

Defendant's Terms of Service, or that he was unlawfully prevented from pursuing an action against Defendants by the Terms of Service. Moreover, although Plaintiff alleges that he was required to click a button signifying his agreement to the Terms of Service, *id.* at ¶ 38, the Complaint fails to allege that Plaintiff actually viewed or read the Terms of Service containing the allegedly unlawful provisions. Accordingly, mere allegations of violations of the TCCWNA in Defendant's Terms of Service are insufficient to support Article III standing in the absence of some injury to Plaintiff as a result of those violations. *Rubin*, 2017 WL 1170854, at *5; *Hecht*, 2016 WL 6139911, at *7.

Therefore, the Court lacks subject matter jurisdiction over this case, and it is remanded to the Superior Court of New Jersey for further proceedings. *Bromwell*, 115 F.3d at 213–14 ("Once the district court determined that it lacked subject-matter jurisdiction over the . . . claim, the district court was obligated to remand the matter to the state court under the express language of § 1447(c).").

### B. Plaintiff's Motion for Attorney's Fees and Costs

Plaintiff argues that he should be awarded attorney's fees and costs related to the removal of his case and the subsequent motions to dismiss and remand because Defendant removed this case from state court by invoking the Court's federal subject matter jurisdiction and then filed a motion seeking dismissal on the basis that this Court lacked subject matter jurisdiction. Plaintiff contends that Defendant's removal and subsequent motion are inconsistent and indicate that Defendant lacked a reasonable basis for removal in the first instance.

Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). Whether to award costs and attorney fees is "left to the court's discretion, to

be exercised based on the nature of the removal and the nature of the remand." Commentary to § 1447(c); *see also Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) (holding that district courts have "broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)"). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Under this standard, an award of fees is appropriate where the defendant's removal petition, "if not frivolous, [is] at best insubstantial." *Mints*, 99 F.3d at 1261.

In this case, Defendant removed from state court on the basis of CAFA jurisdiction. Defendant was required only to set forth the grounds for removal in a short, plain statement, just as required of pleadings under Fed. R. Civ. P. 8(a). *Dart Cherokee*, 135 S. Ct. at 553. In its Notice of Removal, Defendant set forth the jurisdictional basis under CAFA for this Court to hear Plaintiff's claims; asserting that the Complaint concerns a covered class action, a class consisting of more than 100 members, complete diversity of the parties, and an amount in controversy exceeding the $5,000,000 threshold. ECF No. 1, ¶¶ 10-13. Plaintiff does not contest Defendant's CAFA basis for removal, so the Court accepts Defendant's allegations as true, without the need for evidentiary support. *See Dart Cherokee*, 135 S. Ct. at 553. Accordingly, looking to Defendant's CAFA allegations, Defendant possessed an objectively reasonable basis for removal of this case before this Court.

Instead of challenging Defendant's basis under CAFA, Plaintiff, relying heavily on the decision of the Northern District of Illinois in *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910

(N.D. Ill. 2016), contends that because Defendant removed under CAFA, but then promptly moved to dismiss under Fed. R. Civ. P. 12(b)(1) for Plaintiff's failure to plead Article III standing, post-*Spokeo*, thereby defeating federal subject matter jurisdiction, Defendant necessarily lacked a reasonable basis for the original removal. In *Mocek*, the defendant removed a class action brought under the Fair and Accurate Credit Transactions Act ("FACTA"), and then promptly moved to dismiss the class action complaint for lack of Article III standing under *Spokeo*. The plaintiff cross moved to remand. The district court, observing that the parties agreed that the Court lacked federal subject matter jurisdiction, but merely disagreed as to whether this was because Plaintiff lacked Article III standing, granted the plaintiff's motion to remand and denied the defendant's motion to dismiss as moot. The district court granted plaintiff fees under § 1447(c), finding that defendant's removal and immediate Rule 12(b)(1) motion unnecessarily prolonged the proceedings and showed that the defendant lacked an objectively reasonable basis for seeking removal. The district court held that "it should have been obvious to defendant, based on well-settled law, that with no party asking for the merits of plaintiff's claim to be decided in federal court, and both sides arguing against federal jurisdiction, the only possible outcome was for the case to end up right back where it started: in state court." *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914–15 (N.D. Ill. 2016). The defendant in *Mocek* argued that due to the "unsettled" nature of Article III standing in the context of class actions predicated on statutory violations after *Spokeo*, *id.* at 913, removal and defendant's prompt Rule 12(b)(1) motion could only expedite proceedings, even in the event the case were remanded to state court, *id.* at 914. The District of Illinois rejected this argument, finding that the uncertainty in the law could only weigh in favor of remand and that the federal court's role was not to offer opinions to expedite issues in state court. I respectfully disagree with the district court's analysis.

Firstly, the district court in *Mocek* did not focus on the appropriate threshold question of whether Defendant possessed an objectively reasonable basis for the removal, instead looking to whether the defendant should have anticipated that once removed under CAFA, subject matter jurisdiction would subsequently be defeated by the lack of standing. Secondly, although, as observed above, the courts in this district have recently held that remand is appropriate in TCCWNA class action complaints similar to that brought by Plaintiff, the analysis of whether Plaintiff has actually pleaded injury sufficient to meet the requirements of Article III is specific to the factual allegations raised in each complaint. Additionally, the Third Circuit has not yet had the opportunity to craft any controlling precedent governing this question. In these circumstances, I do not find it to be incumbent upon Defendant, after having been hailed into state court, to anticipate how this Court would rule on a Rule 12(b)(1) motion in a currently developing area of law, post-*Spokeo*, which applies a complaint-specific factual analysis. If, for example, this Court were to find that Plaintiff did plead actual injury, then the case would have proceeded in federal court because Plaintiff has not contested this Court's subject matter jurisdiction under CAFA. Because Defendant could not ask the state court to render an advisory opinion as to whether Plaintiff's pleadings satisfied Article III, post-*Spokeo*, the only way for Defendant to have its claims heard in the federal courts, as it is admittedly entitled to do under CAFA, without conceding actual injury, was to act as it did and remove first and then move to dismiss under Rule 12(b)(1). Accordingly, absent any controlling precedent rendering the basis for Defendant's removal "frivolous" or "insubstantial," this Court finds that Defendant articulated an objectively reasonable basis for removal under CAFA. *See First Am. Title Ins. Corp. v. JP Morgan Chase & Co.*, 384 F. App'x 64, 68 (3d Cir. 2010) (affirming an award of attorney's fees where defendant removed on two bases precluded by the "clearly established

13

Third Circuit law[,]" rendering the basis for removal "at best insubstantial."). No "unusual circumstances" otherwise warranting an award of attorneys' fees are present here. *Martin,* 546 U.S. at 141.

### C. Defendant's Motion to Dismiss

In finding that Plaintiff lacks Article III standing to pursue his claim in federal court and, therefore, that this Court lacks subject matter jurisdiction over this action, this Court need not reach other issues raised Defendant's motion to dismiss. *See Bromwell*, 115 F.3d at 213–14. Furthermore, as noted above, it is well-established that "[l]ack of subject matter jurisdiction does not extinguish a removed state court case; section 1447(c) only requires the district court to remand it to state court." *Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 751 (3d Cir. 1993). Accordingly, Defendant's motion *to dismiss* pursuant to Fed. R. Civ. P. 12(b)(1) is denied as moot, and its motion under Rule 12(b)(6) is denied without prejudice.

### D. Plaintiff's Motion to Remand

Because the Court, in the fulfillment of its independent obligation to determine its subject matter jurisdiction, and in its consideration of the arguments of the parties on Defendant's motion to dismiss under Rule 12(b)(1), has already determined that § 1447(c) compels remand in this case, Plaintiff's separate "motion" to remand, recapitulating his arguments in opposition to Defendant's motion, is denied as moot — the requested relief having already been granted.

### CONCLUSION

For the foregoing reasons, the Court will remand this case to the Superior Court of New Jersey, and deny Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) as moot, deny Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) without prejudice, deny

Plaintiff's motion to remand as moot, and deny Plaintiff's motion for attorney's fees. A corresponding order will follow.

**Date:**  July 17, 2017                              */s/ Freda L. Wolfson*
                                                                            FREDA L. WOLFSON, U.S.D.J.